# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

LOUIS HOLGER EKLUND,

    Defendant.

Case No. 3:18-cr-00035-SLG-MMS

## ORDER RE REPORT AND RECOMMENDATION REGARDING MOTION TO DISMISS INDICTMENT [DOC. 86]

Before the Court at Docket 86 is Defendant Louis Holger Eklund's Motion to Dismiss Indictment. The United States filed an opposition at Docket 90. The motion was referred to the Honorable Magistrate Judge Matthew M. Scoble. At Docket 104, Judge Scoble issued his Report and Recommendation, in which he recommended that the motion be denied. Mr. Eklund objected to the Report and Recommendation at Docket 106. The United States filed a response to Mr. Eklund's objections at Docket 107.

The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1). That statute provides that a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[1] A court is to "make a de novo determination of those portions of the magistrate judge's report

---

[1] 28 U.S.C. § 636(b)(1).

or specified proposed findings or recommendations to which objection is made."[2] But as to those topics on which no objections are filed, "[n]either the Constitution nor [28 U.S.C. § 636(b)(1)] requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct."[3]

In this motion, Mr. Eklund asserts that this Court lacks jurisdiction to hear this matter because there was "no interstate nexus to any of the alleged criminal activity as required to create a federal offense."[4] He also maintains that he cannot be prosecuted under 18 U.S.C. §§ 2261A(2)(B) because he was previously prosecuted by the State of Alaska for violating a protective order.

On de novo review, the Court agrees with the Magistrate Judge's Report that any disputed facts to substantiate jurisdiction should be tested at trial.[5] The Court will not look behind the Grand Jury's Indictment to assess the adequacy of the factual basis for its determination. And the separate sovereignty exception to the Double Jeopardy Clause was most recently reaffirmed by the Supreme Court in *Gamble v. United States*, 139 S. Ct. 1960 (2019). In addition, Count 2 alleges separate acts of cyberstalking against a different victim than the one identified in

---

[2] *Id.*

[3] *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.").

[4] Docket 86 at 5.

[5] See Docket 104 at 2 (citing *United States v. De Sapio*, 299 F. Supp. 436, 449 (S.D.N.Y. 1969) (citing *Costello v. United States*, 350 U.S. 359 (1956)).

Case No. 3:18-cr-00035-SLG-MMS, *United States v. Eklund*
Order re Final Report and Recommendation regarding Motion to Dismiss Indictment [Doc. 86]
Page 2 of 3

Count 1.

In light of the foregoing, the Court ACCEPTS the Report and Recommendation [Docket 104] in its entirety; Mr. Eklund's Motion to Dismiss Indictment at Docket 86 is DENIED.

DATED this 25th day of September, 2019 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:18-cr-00035-SLG-MMS, *United States v. Eklund*
Order re Final Report and Recommendation regarding Motion to Dismiss Indictment [Doc. 86]
Page 3 of 3