**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | |
| LOUIS HOLGER EKLUND, | Case No. 3:18-cr-00035-SLG-MMS |
| Defendant. | |

**ORDER REGARDING MOTION FOR INVOLUNTARY ADMINISTRATION OF PSYCHIATRIC MEDICATION**

Before the Court at Docket 68 is the government's Motion for Involuntary Administration of Psychiatric Medication to Restore Defendant to Competence Pursuant to *Sell v. U.S.* Defendant Louis Holger Eklund filed an opposition at Docket 85. The motion was referred to the Honorable Magistrate Judge Matthew M. Scoble, who heard evidence and arguments on the motion on June 17, 2019.[1] Magistrate Judge Scoble's Initial Report and Recommendation recommended that the government's motion be denied.[2] The government objected to the Initial Report and Recommendation.[3] Magistrate Judge Scoble's Final Report and Recommendation continued to recommend

---

[1] Docket 93 (minutes of *Sell* hearing).

[2] Docket 108.

[3] Docket 114 (government's Objections to Initial Report and Recommendation); *see also* Docket 119 (defendant's Response to Government's Objections to Initial Report and Recommendation).

that the motion be denied.[4]  The government timely objected to the Final Report and Recommendation.[5]

The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1).  That statute provides that a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[6]  A court is to "make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made."[7]  But as to those topics on which no objections are filed, "[n]either the Constitution nor [28 U.S.C. § 636(b)(1)] requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct."[8]

Based on the current record before the Court, it appears that the government has shown all four *Sell v. United States* factors by clear and convincing evidence.  However, before the Court makes its findings and reaches legal conclusions, Mr. Eklund must be afforded the opportunity to give testimony relevant to the *Sell* considerations.  In *United States v. Gillenwater*, the Ninth Circuit recognized that "Congress has explicitly provided a defendant a statutory right to testify at a pretrial competency hearing."[9] The *Gillenwater*

---

[4] Docket 126.

[5] Docket 128 (Notice of Preservation of Objections and Ripeness of Motion).

[6] 28 U.S.C. § 636(b)(1)(C).

[7] 28 U.S.C. § 636(b)(1).

[8] *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").

[9] 717 F.3d 1070, 1076 (9th Cir. 2013) (citing 18 U.S.C. § 4247(d)).

Case No. 3:18-cr-0000035-SLG-MMS, *United States v. Eklund*
Order Re Motion for Involuntary Administration of Psychiatric Medication
Page 2 of 4

Court then held that "a defendant's right to testify at his pretrial competency hearing is of a constitutional magnitude."[10] "A defendant's right to testify is personal and therefore may be relinquished only by the defendant. Additionally, the 'relinquishment of the right [to testify] must be knowing and intentional.'"[11]

At his *Sell* hearing, Mr. Eklund complained that "I didn't get a chance to call any witnesses in my favor. I mean, I wasn't—there's a whole bunch of things I could bring up that I have been bringing up this whole time, but I'm repeating myself on issues that aren't being addressed."[12] At the government's request, the Magistrate Judge then confirmed with defense counsel that counsel had considered calling witnesses but elected not to "for strategic tactical reasons."[13] Mr. Eklund interjected that "[defense counsel] never spoke to me about that. We didn't come to that decision mutually. We didn't have a conversation about it."[14] The record before the Court does not indicate whether Mr. Eklund sought to have himself called as a witness or that he knowingly and intentionally waived his right to testify at the *Sell* hearing.

"Where a defendant's competency is at issue, defense counsel will play an important role in ensuring that a defendant understands his right to testify, that it can be waived, and the consequences of either decision. Not infrequently, defense counsel may encounter a defendant who wishes to testify despite counsel's honest contrary

---

[10] *Id.* at 1077, 1079.

[11] *United States v. Kowalczyk*, 805 F.3d 847, 859 (9th Cir. 2015) (quoting *Gillenwater*, 717 F.3d at 1079) (alterations in *Kowalczyk*).

[12] Docket 114-4 at 128.

[13] Docket 114-4 at 128–29.

[14] Docket 114-4 at 129.

Case No. 3:18-cr-0000035-SLG-MMS, *United States v. Eklund*
Order Re Motion for Involuntary Administration of Psychiatric Medication
Page 3 of 4

recommendation. Nonetheless, the Constitution and our case law compel us to conclude that the ultimate decision is for the defendant to make."[15]

In light of the current record in this case, defense counsel shall confer with Mr. Eklund about his right to testify and shall file a notice **within fourteen days of this order** indicating whether Mr. Eklund seeks to give testimony relevant to the *Sell* considerations or whether he is making a knowing and intentional waiver of this right.[16]

DATED this 15th day of October, 2019, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[15] *Gillenwater*, 717 F.3d at 1079–80.

[16] *Cf. Kowalczyk*, 805 F.3d 847, 859 (9th Cir. 2015) (noting that "waiver of the right to testify may be inferred from the defendant's conduct and is presumed from the defendant's failure to testify or notify the court of his desire to do so." (quoting *United States v. Joelson*, 7 F.3d 174, 177 (9th Cir. 1993)).

Case No. 3:18-cr-0000035-SLG-MMS, *United States v. Eklund*
Order Re Motion for Involuntary Administration of Psychiatric Medication
Page 4 of 4