# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

LOUIS HOLGER EKLUND,

    Defendant.

Case No. 3:18-cr-00035-SLG-MMS

## ORDER ESTABLISHING DEADLINE FOR RULE 12.2 NOTICE

Before the Court at Docket 146 is the government's Motion for Order Establishing Procedure Regarding Any Potential Insanity Defense. *Pro se* defendant Louis Holger Eklund did not file a response.

The government seeks to have the Court order the following:

1) That standby counsel shall discuss with Mr. Eklund whether Mr. Eklund intends to assert an insanity defense;

2) That Mr. Eklund give notice of any potential insanity defense within two weeks of the issuance of the order;

3) That if Mr. Eklund is not asserting an insanity defense nor intending to introduce expert evidence relating to a mental disease or defect or any other mental condition bearing on guilt, to give notice of lack of such defense/evidence.[1]

The Court does not find it appropriate to order standby counsel to consult with Mr. Eklund regarding raising an insanity defense. Mr. Eklund is acting *pro se* and has no

---

[1] Docket 146-1 at 1.

obligation to consult with his standby counsel unless he so chooses.[2] Of course, he may seek the assistance of his standby counsel on this topic and is encouraged to do so.

Mr. Eklund's trial is scheduled to begin on March 31, 2020. Depending on the type of defense or mental condition expert evidence Mr. Eklund intends on presenting, if any, the government may have a right to have Mr. Eklund examined by its own expert(s).[3] Accordingly, the Court finds is appropriate to order Mr. Eklund to give written notice of any intent "to assert a defense of insanity at the time of the alleged offense" or "to introduce expert evidence relating to a mental disease or defense or any other mental condition of the defendant bearing on . . . the issue of guilt" within two weeks of the date of this order.[4] This timeline should give Mr. Eklund sufficient time to consult with standby counsel should he choose to do so.

Finally, the Federal Rules of Criminal Procedure do not require a defendant to give notice of the *lack* of intent to raise a Rule 12.2 defense or to present Rule 12.2 expert evidence. The Court will not order Mr. Eklund to give notice of his lack of intent, as it will presume such lack of intent if Mr. Eklund does not file a written notice as required by this order. Should Mr. Eklund fail to give proper written notice and later try and raise a Rule 12.2 defense or introduce Rule 12.2 evidence at trial, "[t]he court may exclude an expert evidence from the defendant on the issue of the defendant's mental disease, mental

---

[2] *Cf. United States v. Flewitt*, 874 F.2d 669, 676 (9th Cir. 1989) *(*"It indeed would be a paradox to justify revoking a defendant's pro se status on the basis that the defendant failed to consult counsel.").

[3] Fed. R. Crim. P. 12.2(c)(1).

[4] Fed. R. Crim. P. 12.2(a), (b).

defense, or any other mental condition bearing on the defendant's guilt . . . if the defendant fails to give notice under Rule 12.2(b)."[5]

In light of the foregoing, IT IS ORDERED that the motion at Docket 146 is granted in part and denied in part. If Mr. Eklund intends to raise an insanity defense or introduce expert evidence relating to a mental disease or defect or any other mental condition bearing on the issue of guilt, he shall file a written notice of such intent **within two weeks of the date of this order.**

DATED this 12th day of February, 2020, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[5] Fed. R. Crim. P. 12.2(d)(1)(A).