# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

LOUIS HOLGER EKLUND,

    Defendant.

Case No. 3:18-cr-00035-SLG-MMS

## ORDER REGARDING MOTION TO COMPEL

Before the Court at Docket 153 is defendant Louis Holger Eklund's *pro se* Motion to Compell [sic]. The government responded in opposition at Docket 159.

Mr. Eklund asserts that 28 U.S.C. § 1691 requires all orders and rulings of the Court in his case to contain the seal of the court and be signed by the Clerk of Court.[1] Because they are not so signed and sealed, Mr. Eklund contents that all prior orders and ruling in his case are void.[2] Mr. Eklund thus seeks an order from this Court requiring the Clerk of Court "to go back and correct the errors in the record, and properly affix the seal of the court, and place his signature onto all writs and *process* that have issues in this case."[3] The government responds that Mr. Eklund's motion does not identify a writ or process in this case that lacks a seal and Clerk signature, that the Court's ECF electronic filing system allows papers to be signed electronically, and that Federal Rule of Criminal

---

[1] Docket 153 at 3.

[2] Docket 153 at 3.

[3] Docket 153 at 3 (emphasis in original).

Procedure 49 permits electronic verification of court papers, thus abrogating 29 U.S.C. § 1691.[4]

28 U.S.C. § 1691 states that "[a]ll writs and process issuing from a court of the United States shall be under the seal of the court and signed by the clerk thereof." Mr. Eklund's motion misunderstands the meaning of "writs and process" as used in the statute. The phrase "writs and processes" does not encompass all court orders.[5] "In essence, both 'writ' and 'process' command or direct action or inaction on the part of an individual. [T]he term 'process' as used in 28 U.S.C. § 1691 refers to an order or directive by a court which compels a person to comply with a court's demand."[6] The caselaw cited by Mr. Eklund supports the conclusion that "writs" and "processes" are the types of court documents that compel enforcement of a court's demand, not routine court orders:

> To my mind, the word "process," as used in Rev. St. Sec. 911, means an order of court, although it may be issued by the clerk. The summons in a

---

[4] Docket 159 at 2–3.

[5] *United States v. Dawes*, 161 F. App'x 742, 745 (10th Cir. 2005) ("Section 1691, however, applies only to writs and process that issue from the district court, not orders and judgments."); *Annamalai v. Harman*, No. 1:17-CV-4837-TWT-CMS, 2017 WL 7038473, at *1 (N.D. Ga. Dec. 27, 2017), *report and recommendation adopted*, No. 1:17-CV-4837-TWT, 2018 WL 513787 (N.D. Ga. Jan. 22, 2018), *dismissed sub nom. Annamalai v. Warden*, No. 18-10548-C, 2018 WL 2303105 (11th Cir. Mar. 28, 2018), and *aff'd sub nom. Annamalai v. Warden*, 760 F. App'x 843 (11th Cir. 2019) ("[A] judgment and commitment order in a criminal case is neither a 'writ' nor 'process' within the meaning of 28 U.S.C. § 1691.").

At least one district court has found that the statute does not apply to criminal cases. *United States v. O'Neal*, No. 3:08-CR-107, 2009 WL 2047275, at *3 (E.D. Tenn. July 2, 2009) ("28 U.S.C. § 1691 addresses civil matters and is inapplicable to the [criminal] matter before the Court. Thus, the Court finds that compliance with these statutes is a non-issue, and certainly no due process violation has taken place in relation to compliance with these statutes.").

[6] *United States v. Mariner*, 2012 WL 6082720 (D. N.D. Dec. 4, 2012) (finding that an indictment was not required to comply with 28 U.S.C. § 1691); *Formanack v. Stillwater Towing, Inc.*, 2018 WL 10152503 (D. Minn. Feb. 2, 2018) (because the court had not issued orders compelling a person to comply with a demand of the court, its orders were not required to comply with 28 U.S.C. § 1691).

common-law action, which is, I think, a "process," in the name of the court *commands the sheriff or marshal* to summon the defendant, etc. The writs of scire facias, fieri facias, habeas corpus, subpoenas for witnesses, subpoenas duces tecum, writs of certiorari, supersedeas, attachments, and of venire facias *are all commands or orders of court that something be done*. In equity the writ of subpoena, and in criminal cases the bench warrant, *command that something be done*.[7]

Even if the Court's orders and rulings were required to comply with 28 U.S.C. § 1691, the Ninth Circuit has stated, in the context of a search warrant that did not have a court seal, that lack of a court's seal pursuant to 28 U.S.C. § 1691 is a "only a technical violation" and noted that "[n]one of this circuit's cases has suppressed evidence for lack of a court seal."[8] When a court follows the Federal Rules of Criminal Procedure, the court's procedure is sufficient.[9] The Federal Rules of Criminal Procedure require only that "[w]hen the court issues an order on any post-arraignment motion, the clerk must serve notice of the entry on each party as required by Rule 49(a)."[10] The Rules contain no provision requiring the Clerk of Court to sign or affix the court seal to routine court orders.

---

[7] *Leas & McVitty v. Merriman*, 132 F. 510, 513 (C.C.W.D. Va. 1904) (emphases added); *see also Aetna Ins. Co. v. Hallock*, 73 U.S. 556, 560 (1867) ("Though the order of sale here described may not come under the name of any of the recognized common law writs of execution, as *capias*, *fieri facias*, or others, yet it comes clearly within the function and supplies the purpose of an execution—that is, *a process issuing from a court to enforce its judgment.*"); *In re Simon*, 297 F. 942, 945 (2d Cir. 1924) ("A subpoena is a writ or process, and is mandatory in its nature, being a positive command. A writ of subpoena, like a writ of scire facias, writs, 'are all commands or orders of court that something be done.' and the word 'process,' as used in the statute, 'means an order of court, although it may be issued by the clerk.'").

Moreover, the cases cited by Mr. Eklund predate the enactment of 28 U.S.C. § 1691, and he has not asserted that the intent of the predecessor statute was changed by the enactment of 28 U.S.C. § 1691.

[8] *United States v. Smith*, 424 F.3d 992, 1008 (9th Cir. 2005).

[9] *Id.*

[10] Fed. R. Crim. P. 49(d).

In light of the foregoing, IT IS ORDERED that the motion at Docket 153 is DENIED.

DATED this 21st day of February, 2020, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE