# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

             Plaintiff,

       v.

LOUIS HOLGER EKLUND,              Case No. 3:18-cr-00035-SLG-MMS

             Defendant.

## ORDER REGARDING MOTION TO TAKE JUDICIAL NOTICE AND ENTER DOCUMENTS INTO EVIDENCE

Before the Court at Docket 187 is defendant Louis Holger Eklund's *pro se* "Lawful Instruction" for the Inferior Court to Take Judicial Notice and Enter Two Self-Authenticating Domestic Public Documents that are Sealed and Signed into Evidence. The Court has construed this filing as a motion to the extent it seeks some action from the Court. No response from the government is necessary.

Mr. Holger seeks to "instruct" the Court to take judicial notice of two attachments.[1] Attachment 1 is Mr. Holger's self-created and self-styled "Article III Supreme Court Justice Oath of Office."[2] Attachment 2 is a copy of a U.S. Treasury check for two dollars issued to Mr. Holger.[3] Mr. Holger has previously sought to have the Court take judicial notice of Attachment 1.[4] Because Attachment 1 was created by Mr. Holger and has no

---

[1] Docket 187 at 5.

[2] Docket 187-1.

[3] Docket 187-2.

[4] Docket 170.

independent validity, the Court denied that motion, and the Court will not reconsider its order.[5]  Mr. Holger has not shown how Attachment 2 is relevant to the charges of Cyberstalking, and thus the issuance of the check to Mr. Holger is not a fact the Court will judicially notice.[6]

Mr. Holger also seeks to "instruct" the Court to "enter attachments #1 & #2 . . . into evidence for me to use at trial . . . ."[7]  The Court interprets this as a motion to admit Attachments 1 and 2 as evidence at this time.  Mr. Holger has previously sought to have the Court enter Attachment 1 into evidence.[8]  The Court denied that motion and will not reconsider its order.[9]  Attachment 2 will not be entered for the same reason Attachment 1 will not be entered: It is premature for the Court to enter any document into evidence for use at trial.  At trial, a party may seek to move a document into evidence by showing that it is relevant pursuant to Federal Rules of Evidence 401 and 402, is not excludable pursuant to Rule 403, and is otherwise admissible pursuant to the Federal Rules of Evidence and the U.S. Constitution.

Mr. Holger's other attempts to "instruct" the Court to take certain actions[10] are frivolous and the Court will take no action in response to these requests.

---

[5] Docket 181 at 9–10.

[6] *See Ventura Mobilehome Comm. Owners Ass'n. v. City of San Buenaventura*, 371 F.3d 1049, 1052 n. 5 (9th Cir. 2004) (declining to take judicial notice when the moving party "did not explain what relevance these documents have to this case").

[7] Docket 187 at 6.

[8] Docket 170.

[9] Docket 181 at 9–10.

[10] Docket 187 at 6.

Case No. 3:18-cr-00035-SLG-MMS, *United States v. Eklund*
Order Re Motion to Take Judicial Notice and Enter Documents into Evidence
Page 2 of 3

For the foregoing reasons, the motion at Docket 187 is denied.

IT IS SO ORDERED.


DATED this 20th day of March, 2020, at Anchorage, Alaska.


/s/ Sharon L. Gleason
UNITED STATES DISTRICT JUDGE

Case No. 3:18-cr-00035-SLG-MMS, *United States v. Eklund*
Order Re Motion to Take Judicial Notice and Enter Documents into Evidence
Page 3 of 3