# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>LOUIS HOLGER EKLUND,<br><br>    Defendant. | Case No. 3:18-cr-00035-SLG-MMS |

## ORDER REGARDING MOTION TO DISMISS ALL CHARGES

Before the Court at Docket 178 is defendant Louis Holger Eklund's *pro se* Motion to Dismiss All Charges in Superseding Indictment Upon Showing of Outrageous Government Conduct, and Actual Prosecutorial Vindictivness [sic]. The government responded in opposition at Docket 185.

**I. Outrageous government conduct**

"Outrageous government conduct occurs when the actions of law enforcement officers or informants are 'so outrageous that due process principles would absolutely bar the government from invoking judicial processes to obtain a conviction.'"[1] Dismissing an indictment for outrageous government conduct is "limited to extreme cases" in which the defendant can demonstrate that the government's conduct "violates fundamental fairness" and is "so grossly shocking and so outrageous as to violate the universal sense

---

[1] *United States v. Black*, 733 F.3d 294, 302 (9th Cir. 2013) (quoting *United States v. Russell*, 411 U.S. 423, 431–32 (1973)).

of justice."[2] This is an "extremely high standard."[3] Outrageous government conduct is not a question of fact for the jury, but a question of law for the Court.[4]

In his 21-page motion, Mr. Holger lists numerous alleged actions he believes certain individuals have taken against him.[5] All of the alleged actions relate to the State of Alaska Office of Children's Services' 2016 determination that Mr. Holger's son was a Child in Need of Aid. The Alaska state court placed the child in emergency foster care, and the Native Village of Kotzebue became a party to the case because the emergency placement involved a tribal member. The two alleged Cyberstalking victims in this criminal case are individuals who were involved in the Child in Need of Aid proceedings in their professional capacities.

All of Mr. Holger's allegations underlying his claim of outrageous government conduct relate to the State of Alaska's handling of the Child in Need of Aid proceedings. Mr. Holger does not make any argument that the federal investigation into his alleged Cyberstalking or the federal prosecution constitute outrageous government conduct. Accordingly, Mr. Holger has not shown that the government's conduct "violates fundamental fairness" and is "so grossly shocking and so outrageous as to violate the universal sense of justice."

---

[2] *Id.*

[3] *Id.*

[4] *United States v. Citro*, 842 F.2d 1149, 1152 (9th Cir.1988).

[5] These alleged acts include, for example, an attorney with the Alaska attorney general's office lying in court during the Child in Need of Aid proceedings in Alaska state court regarding Mr. Holger's son, a social worker lying in the emergency Child in Need of Aid petition related to Mr. Holger's son, the manufacturing of "a fake hair follicle test result," and people "[t]actically destroying my support group & manipulating (with their pathological [sic] lies, trickeries, & deciets [sic]) my friends & family to be against me . . . ." *See generally* Docket 178.

## II. Prosecutorial vindictiveness

A defendant may establish "prosecutorial vindictiveness by producing direct evidence of the prosecutor's punitive motivation towards [him]. Alternatively, [he] is entitled to a presumption of vindictiveness if [he] can show that new charges 'were filed because he exercised a statutory, procedural, or constitutional right in circumstances that give rise to an appearance of vindictiveness.'"[6]

Mr. Holger asserts a variety of allegations that he claims demonstrate prosecutorial vindictiveness:

- That the assigned Assistant U.S. Attorney is the nephew of a former Alaska governor, and the AUSA is now prosecuting Mr. Holger "in light of the efforts I've taken to expose to to [sic] the public that [the alleged uncle/former governor] is a violent sexual predator who used kidnap & rape upon my wife & children, as a retaliatory weapon, when I stood up to them & began exposing what they are doing."[7]

- That the government initiated *Sell* proceedings to involuntarily administer psychiatric medication to Mr. Holger and used unqualified experts to support its *Sell* motion.[8]

- That the government is violating Mr. Holger's double jeopardy rights because Mr. Holger was previously convicted of violating the state protective order.[9]

---

[6] *United States v. Jenkins*, 504 F.3d 694, 699 (9th Cir. 2007).

[7] Docket 178 at 17.

[8] Docket 178 at 18.

[9] Docket 178 at 18.

- The government "added the sentencing enhancement to both counts even though there was never issued any type of protection order in regard to Count 1."[10]

- That the AUSA's *Sell* filing at Docket 68 was a "parable message to [Mr. Holger] about the 'wicked cabal'" and was meant to give Mr. Holger "a message about who [the AUSA] is & what he is doing & is a part of."[11]

- That the government's legal arguments in its opposition at Docket 159 fabricate the law.[12]

- That the Superseding Indictment "fail[s] to meet the crucial element . . . for a federal crime which is an interstate nexus. There was no interstate or foreign commerce."[13]

Mr. Holger has not made a *prima facie* case of prosecutorial vindictiveness because he has not shown "either direct evidence of actual vindictiveness or facts that warrant an appearance of such."[14] Most of Mr. Holger's claims in support of prosecutorial vindictiveness are statements of his personal opinion or are unsupported factual allegations. Mr. Holger's claim of a double jeopardy violation is meritless. Under the dual-sovereignty doctrine, the Double Jeopardy Clause allows successive prosecutions

---

[10] Docket 178 at 19.

[11] Docket 178 at 19.

[12] Docket 178 at 19.

[13] Docket 178 at 19.

[14] *Nunes v. Ramirez-Palmer*, 485 F.3d 432, 441 (9th Cir. 2007).

by separate sovereigns, here the State of Alaska and the federal government.[15] Mr. Holger's claim that there is no interstate nexus is also meritless. As pleaded, the Superseding Indictment alleges that Mr. Holger "used the mail, any interactive computer service or electronic communication service or electronic communication system of interstate commerce, or any other facility of interstate or foreign commerce" to engage in the alleged Cyberstalking.[16]

The claim closest to a traditional prosecutorial vindictiveness claim is Mr. Holger's assertion that the government "added the sentencing enhancement to both counts even though there was never issued any type of protection order in regard to Count 1." Count 2 of the Superseding Indictment alleges a course of conduct that includes "Violating a Stalking or Sexual Assault Protective Order . . . ."[17] This allegation is not a part of Count 1. However, Mr. Holger's assertion is incorrect; there is no "sentencing enhancement" in Count 1 of the Superseding Indictment. The sentencing provision in Count 1 references 18 U.S.C. § 2261(b)**(5)**, which is the default sentencing provision for violation of the Cyberstalking statute.[18] The mandatory minimum "sentencing enhancement" in 18

---

[15] *Gamble v. United States*, 139 S.Ct. 1960, 1963 (2019) ("We have long held that a crime under one sovereign's laws is not 'the same offence' as a crime under the laws of another sovereign. Under this 'dual-sovereignty doctrine, a State may prosecute a defendant under state law even if the Federal Government has prosecuted him for the same conduct under a federal statute. Or the reverse may happen . . . ."

[16] Docket 97.

[17] Docket 97 at 3.

[18] Docket 97 at 2. 18 U.S.C. § 2261(b)(5) provides: "A person who violates . . . section 2261(A) shall be fined under this title . . . imprisoned for not more than 5 years, in any other case, or both fined and imprisoned."

U.S.C. § 2261(b)**(6)**, which applies when the crime of Cyberstalking is done in violation of a restraining order,[19] is only referenced in Count 2 of the Superseding Indictment.[20]

Accordingly, Mr. Holger's vindictive prosecution claim fails.

In light of the foregoing, IT IS ORDERED that the Motion to Dismiss at Docket 178 is DENIED.

DATED this 20th day of March, 2020, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[19] 18 U.S.C. § 2261(b)(6) ("Whoever commits the crime of stalking in violation of a temporary or permanent civil or criminal injunction, restraining order, no-contact order, or other order described in section 2266 of title 18, United States Code, shall be punished by imprisonment for not less than 1 year.").

[20] Docket 97 at 3.