## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>     v.<br><br>LOUIS HOLGER EKLUND,<br><br>               Defendant. | Case No. 3:18-cr-00035-SLG |

**ORDER REGARDING MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL**

Before the Court at Docket 232 is *pro se* defendant Louis Holger Eklund's Notice of Appeal to the U.S. Court of Appeals for the Ninth Circuit under the Collateral Order Doctrine Re: Order at Dkt. 200. The government did not notify the Court that it intended to file a response.[1]

Mr. Holger seeks to file a "notice of appeal to the U.S. Court of Appeals for the Ninth Circuit under the collateral order doctrine."[2] Specifically, he seeks to appeal the Court's order at Docket 200, which denied Mr. Holger's *pro se* Motion to Dismiss All Charges in Superseding Indictment Upon Showing of Outrageous Government Conduct, and Actual Prosecutorial Vindictiveness [sic].

---

[1] *See* Docket 197 (text order relieving government from filing responses to *pro se* motions in this case but requiring the government to notify the Court of its intent to file a response to any *pro se* motion within two business days of the filing of the motion).

[2] Docket 232 at 1.

Pursuant to Federal Rules of Appellate Procedure 4(b)(1)[3] and 4(c)(1)[4], to be timely Mr. Holger's notice of appeal must have been mailed from the jail where he is held within 14 days of the entry of the order that is being appealed. The Court entered its order into the case docket on March 20, 2020, so the 14-day deadline expired on April 3, 2020. Mr. Holger signed his motion on April 26, 2020, and it was received by the Court on May 1, 2020.

Because Mr. Holger's Notice of Appeal is late, he moves the Court for an extension of time pursuant to Federal Rule of Appellate Procedure 4(b)(4), which permits a district court to "extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed" so long as the Court can find "excusable neglect or good cause." "The excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant. The good cause standard applies in situations in which there is no fault—excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant."[5]

Mr. Holger asserts that good cause exists for an extension of time because, according to Mr. Holger, his stand-by counsel did not advise Mr. Holger how to file

---

[3] FRAP 4(b)(1)(A) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 after . . . the entry of either the judgment or the order being appealed[.]").

[4] FRAP 4(c)(1) (If a defendant is confined in an institution, "if [the] inmate filed a notice of appeal, in either a civil or a criminal case, the notice is timely if it is de

[5] FRAP 4, Committee Notes on Rules—2002 Amendment.

Case No. 3:18-cr-00035-SLG, *United States v. Eklund*
Order Re Motion for Extension of Time to File Notice of Appeal
Page 2 of 4
Case 3:18-cr-00035-SLG   Document 241   Filed 05/11/20   Page 2 of 4

a collateral order appeal, and the law library at the jail was "sabotaged" by the ethernet cable being cut and the ethernet jack being ripped from the wall.[6] The Court declines to find that any of these events occurred or that they constitute good cause.

However, the Court finds excusable neglect exists to allow the late filing. "An analysis of 'excusable neglect' generally requires a court to analyze the four factors set out by the Supreme Court,"[7] which are

1. the danger of prejudice to the government;
2. length of the delay and its potential impact on judicial proceedings;
3. reason for the delay and whether it was within the reasonable control of the movant; and
4. whether the movant acted in good faith.[8]

Here, the government has not filed a response and has not argued that it would be prejudiced if Mr. Holger were permitted to file an untimely appeal. Although there may be an impact on this case proceeding to trial due to the pretrial nature of Mr. Holger's appeal, this impact is minimized because Mr. Holger's trial date has been vacated due to the COVID-19 pandemic and the District of Alaska is not currently holding jury trials.[9] Although the Court does not accept Mr. Holger's stated reasons for the delay, Mr. Holger is a self-represented defendant who is in custody (and is

---

[6] Docket 232 at 3.

[7] *United States v. Navarro*, 800 F.3d 1104, 1109 (9th Cir. 2015) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993)).

[8] *Pioneer*, 507 U.S. at 395.

[9] Docket 226.

Case No. 3:18-cr-00035-SLG, *United States v. Eklund*
Order Re Motion for Extension of Time to File Notice of Appeal
Page 3 of 4

often not in the general population at the jail) and may have limited access to the law library due to his security level at the jail and the COVID-19 pandemic.[10] Moreover, "[t]he United States Supreme Court requires courts to consider the unique situation of pro se prisoners when evaluating the timeliness of their appeals."[11] Finally, it appears that Mr. Holger acted in good faith, as it seems he always intended to file a notice of appeal regarding the Court's order at Docket 200 but did not do so within the prescribed time limit.[12]

The Court thus finds excusable neglect and GRANTS Mr. Holger's motion at Docket 232 for a 30-day extension to file his notice of appeal pursuant to Rule 4(b)(4). This results in a deadline of May 3, 2020. Accordingly, the notice of appeal filed at Docket 232 on May 1, 2020, is timely. IT IS SO ORDERED.

DATED this 11th day of May, 2020, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[10] Rule 4(b)(4) "require[s] only a 'finding' of excusable neglect or good cause and not a 'showing' of them." FRAP 4, Committee Notes on Rules—1998 Amendment. *See also Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997) (considering the *Pioneer* factors and noting that "[w]hile *pro se* litigants are not excused from following court rules, it is not apparent that Briones' failure to respond to the motion to dismiss resulted only from a failure to read and attempt to follow court rules.").

[11] *United States v. Guzman*, No. CR 13-00565 HG-01, 2019 WL 2571245, at *1 (D. Haw. June 21, 2019) (citing *Houston v. Lack*, 487 U.S. 266, 270 (1998)); *see also Houston*, 804 U.S. at 270–71 ("Such prisoners cannot take the steps other litigants can take to monitor the processing of their notices of appeal and to ensure that the clerk of court receives and stamps their notices of appeal before the . . . deadline.").

[12] Docket 232 at 3.

Case No. 3:18-cr-00035-SLG, *United States v. Eklund*
Order Re Motion for Extension of Time to File Notice of Appeal
Page 4 of 4
Case 3:18-cr-00035-SLG   Document 241   Filed 05/11/20   Page 4 of 4