# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | |
| LOUIS HOLGER EKLUND, | Case No. 3:18-cr-00035-SLG |
| Defendant. | |

**ORDER REGARDING MOTION IN LIMINE: FRIVOLOUS LEGAL THEORIES**

Before the Court at Docket 172 is the government's Motion in Limine Regarding Frivolous Legal Theories. *Pro se* defendant Louis Holger Eklund responded in opposition at Docket 195.

The government seeks an order stating that Mr. Holger "will submit no evidence, nor make any argument to the jury, regarding . . . frivolous legal theories."[1] The government contends that "evidence purporting to prove the merits of such theories is inadmissible under the Federal Rules of Evidence," but that "evidence proving the defendant's conduct constituting the indicted Cyberstalking offenses is admissible even when such conduct includes his own verbal or written statements referring to frivolous legal theories."[2] Mr. Holger's response consists of a continuation of his insults against the assigned Assistant United States Attorney and contains no meritorious legal arguments.

---

[1] Docket 172-1 at 1.

[2] Docket 172 at 1–2.

**I. Prohibition on the presentation of irrelevant evidence to the jury**

Mr. Holger has raised a number of claims repeatedly throughout this case. The Court finds that the following claims—and evidence intended solely to prove the merits of these claims—are not relevant and will be excluded pursuant to Federal Rule of Evidence 401 because they have no tendency to make a fact of consequence in this particular proceeding more or less probable than it would be without the evidence. Moreover, because the following claims have no relevance, the probative value of any evidence in support of the claims is substantially outweighed by the danger of confusing the issues, misleading the jury, undue delay, and a waste of time.[3] Therefore, evidence that has no purpose but to support the following claims is also excluded pursuant to Federal Rule of Evidence 403[4]:

- That Mr. Holger is a judge or government official or tribal official
- That Mr. Holger is the president of the United States
- That the United States is a corporation
- That the assigned Assistant U.S. Attorney has committed or was complicit in any crimes
- That the sale of alcohol in Kotzebue constitutes genocide
- That Mr. Holger is a "counter-plaintiff" against the government and any evidence related to his "counterclaims" against the government

---

[3] *See* Fed. R. Evid. 403.

[4] Even if the claims and evidence in support of the claims met the threshold for relevancy under Evidence Rule 401 by having "any tendency" to make a fact more or less probable, the Court would still find that their low probative value is outweighed by the danger of confusing the issues, misleading the jury, undue delay, and a waste of time and would exclude them pursuant to Rule 403.

Case No. 3:18-cr-00035-SLG, *United States v. Eklund*
Order Re Motion in Limine: Frivolous Legal Theories
Page 2 of 6
Case 3:18-cr-00035-SLG   Document 242   Filed 05/11/20   Page 2 of 6

The government seeks to prohibit Mr. Holger from raising two additional claims or introducing evidence in support of those claims: That the alleged victims "committed, or were complicit in, crimes because of their professional obligations regarding litigation in the [Child in Need of Aid] matter" and "[t]hat the high rate of violent crimes in Alaska justifies or excuses the defendant's conduct regarding Victim 1 or Victim 2."[5] Similar to the claims discussed above, the Court finds that evidence offered solely to prove the merits of these two claims is not relevant pursuant to Federal Rule of Evidence 401 and orders that such evidence be excluded under that rule and Evidence Rule 403..

However, the Court is mindful of Mr. Holger's constitutional right to "a meaningful opportunity to present a complete defense."[6] Mr. Holger is charged with two violations of 18 U.S.C. § 2261A(2)(B) for allegedly cyberstalking an employee of the State of Alaska and an employee of the Native Village of Kotzebue.[7] As the government notes in its motion, this offense "requires . . . malicious intent on the part of the defendant."[8] The government contends that Mr. Holger's "oral and written application of frivolous legal theories to the victims . . . were intended to accomplish . . . the harassment and intimidation of the victims."[9] Indeed, the government asserts that Mr. Holger "harassed

---

[5] Docket 172-1 at 1.

[6] *Crane v. Kentucky*, 476 U.S. 683, 690 (1986) (quoting *California v. Trombetta*, 467 U.S. 479, 467 (1984)).

[7] Docket 97 at 1–3 (First Superseding Indictment).

[8] Docket 172 at 4 (quoting *United States v. Osinger*, 753 F.3d 939, 944 (9th Cir. 2014)); *see also* 18 U.S.C. § 2261A(2)(B) (requiring "intent to kill, injure, harass, intimidate").

[9] Docket 172; *see also* Docket 97 at 1–3.

Case No. 3:18-cr-00035-SLG, *United States v. Eklund*
Order Re Motion in Limine: Frivolous Legal Theories
Page 3 of 6
Case 3:18-cr-00035-SLG   Document 242   Filed 05/11/20   Page 3 of 6

and intimidated the victims because of their work in a Child in Need of Aid Case."[10] The Court concludes, then, that evidence related to Mr. Holger's claims that the alleged victims committed or were complicit in crimes due to their official positions and that the high rate of violent crimes in Alaska justified his conduct may be relevant to Mr. Holger's defense, to the extent that they may relate to his state of mind at the time of the conduct that gave rise to the charges against him.

Since such evidence offered for this purpose could be relevant to Mr. Holger's defense of an element of the crimes with which he has been charged, the Court will not at this time order its categorical exclusion at trial. Nor, without knowing the exact nature of the evidence in question or the defense theory for which it is offered, can the Court make a determination about any such evidence's probative value pursuant to Federal Rule of Evidence 403.

Accordingly, should Mr. Holger seek to introduce any evidence relating to a belief that the alleged victims committed or were complicit in crimes and/or that the rate of violent crime in Alaska motivated his actions, or any other evidence related to any of the excluded claims referenced above, (*supra*, page 2), he shall first ask the Court for a recess in the jury proceedings. He shall then wait until the jury has been excused from the courtroom, and then he may inform the Court *outside the presence of the jury* of the specific evidence that he seeks to present and the purpose for which that evidence is being offered. Mr. Holger shall not refer in any manner to this specific evidence in the

---

[10] Docket 172 at 5–6.

Case No. 3:18-cr-00035-SLG, *United States v. Eklund*
Order Re Motion in Limine: Frivolous Legal Theories
Page 4 of 6
Case 3:18-cr-00035-SLG   Document 242   Filed 05/11/20   Page 4 of 6

presence of the jury unless and until the Court has ruled that the specific evidence is admissible.

## II. Argument to the jury

The government further seeks to have the defendant prohibited from making "any argument to the jury, regarding . . . frivolous legal theories."[11] As a preliminary matter, the Court intends to strictly prohibit each party from making any argument to the jury during any part of the trial except during closing arguments. Each party will be given the opportunity to submit proposed jury instructions to the Court that set forth that party's understanding of the law applicable to this case. The Court will consider each party's proposed jury instructions before finalizing a set of instructions. Each party will have an opportunity to review and state objections to the Court's jury instructions, so as to preserve any disagreement as to the applicable law for an appeal. The Court will then read the Court's instructions on the applicable law to the jury before closing arguments. During closing arguments to the jury, each party must limit any discussion of the applicable law by strictly conforming that discussion to the law as set forth in the Court's jury instructions.

"[C]losing argument for the defense is a basic element of the adversary factfinding process in a criminal trial."[12] And a "defendant who has exercised the right to conduct his own defense has, of course, the same right to make a closing argument."[13] However, in addition to precluding each party from presenting any legal analysis that is inconsistent

---

[11] Docket 172-1 at 1.

[12] *Herring v. New York*, 422 U.S. 853, 858 (1975).

[13] *Id.* at 864 n. 18.

Case No. 3:18-cr-00035-SLG, *United States v. Eklund*
Order Re Motion in Limine: Frivolous Legal Theories
Page 5 of 6
Case 3:18-cr-00035-SLG   Document 242   Filed 05/11/20   Page 5 of 6

with the Court's jury instructions, the Court may preclude closing arguments on defense theories that are not supported by the evidence admitted at trial, "stray unduly from the mark, or otherwise impede the fair and orderly conduct" of trial.[14] Because no evidence has yet been admitted, it is premature to preclude the defendant from arguing any theory of defense at this time.

In light of the foregoing, IT IS ORDERED that the motion at Docket 172 is GRANTED IN PART and DENIED IN PART as discussed above.

DATED this 11th day of May, 2020, at Anchorage, Alaska.

*s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[14] *Id.* at 862; *see also United States v. Miguel*, 338 F.3d 995, 1001 (9th Cir. 2003 ("A district court . . . retains the power to preclude closing arguments on defense theories that are not supported by the evidence.").

Case No. 3:18-cr-00035-SLG, *United States v. Eklund*
Order Re Motion in Limine: Frivolous Legal Theories
Page 6 of 6
Case 3:18-cr-00035-SLG   Document 242   Filed 05/11/20   Page 6 of 6