# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>LOUIS HOLGER EKLUND,<br><br>　　　　　　Defendant. | Case No. 3:18-cr-00035-SLG |

### ORDER REGARDING DEFENSE OBJECTION TO GOVERNMENT'S PROPOSED TESTIMONY AND EXHIBITS

Before the Court at Docket 236 is *pro se* defendant Louis Holger Eklund's Objection to Jonas M. Walker's Attempt to Use Perjured Testimony & False Documents as Trial Exhibits. The Court construes this filing as a motion *in limine*. The government did not notify the Court that it intended to file a response.[1]

The government filed its trial brief at Docket 182, in which it summarized its anticipated trial evidence.[2] Mr. Holger objects to the government's proposed evidence as "meritless, nonsensical hogwash that is voluminous with pathological lies."[3] Specifically, Mr. Holger objects to the following government exhibits for the following reasons:

---

[1] *See* Docket 197 (text order relieving government from filing responses to *pro se* motions in this case but requiring the government to notify the Court of its intent to file a response to any *pro se* motion within two business days of the filing of the motion).

[2] The government's proposed exhibits are filed under seal at Docket 196.

[3] Docket 236 at 4.

- Exhibit 1: The Emergency Petition filed in a Child in Need of Aid (CINA) case in the state of Alaska, because the author of the petition "lies under oath."[4]

- Exhibits 2, 3, and 4: A letter to the Indian Child Welfare Act Coordinators of the Native Village of Kotzebue and the Native Village of Point Hope from the State of Alaska, a certificate of service filed in the CINA case, and the Order for Temporary Placement Child in Need of Aid issued by the Alaska state court, because each is a "bogus" document that is "not what the [government is] claiming it to be."[5]

Mr. Holger also objects to Victim 1 and Victim 2 authenticating or testifying about Exhibits 1 through 4 because "any testimony by 'victim 1' to 'authenticate' the . . . bogus documents would be perjury. In addition, any testimony by 'victim 2' consistent with 'victim 1's' perjured testimony would also be perjury."[6] Mr. Holger also proposes to "get the whole case file & let the jury review it."[7]

Mr. Holger has not identified any Federal Rule of Evidence or constitutional provision that warrants exclusion of the government's proposed exhibits or testimony. Mr. Holger may make specific objections to evidence and/or testimony at trial pursuant to the Federal Rules of Evidence, the Confrontation Clause, or any other legitimate legal bases. Mr. Holger will also have the opportunity to cross-examine all of the government's

---

[4] Docket 236 at 4–5.

[5] Docket 236 at 5.

[6] Docket 236 at 5–6.

[7] Docket 236 at 6.

Case No. 3:18-cr-00035-SLG, *United States v. Eklund*
Order Re Defense Objection to Government's Proposed Testimony and Exhibits
Page 2 of 3
Case 3:18-cr-00035-SLG   Document 243   Filed 05/13/20   Page 2 of 3

witnesses and may elect to testify himself, call his own witnesses, and/or make a motion seeking to introduce his own exhibits to challenge the veracity of the government's witnesses and exhibits.

In light of the foregoing, IT IS ORDERED that the motion at Docket 236 is DENIED.

DATED this 13th day of May, 2020, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:18-cr-00035-SLG, *United States v. Eklund*
Order Re Defense Objection to Government's Proposed Testimony and Exhibits
Page 3 of 3
Case 3:18-cr-00035-SLG   Document 243   Filed 05/13/20   Page 3 of 3