# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

LOUIS HOLGER EKLUND,

        Defendant.

Case No. 3:18-cr-00035-SLG

**ORDER RE DUAL MOTION IN LIMINE & MOTION FOR THE COURT TO TAKE JUDICIAL NOTICE**

Before the Court at Docket 344 is Defendant Louis Holger Eklund's Dual Motion in Limine for a Copy of the Prosecutor's Opposition at DKT 159, the Court's Order at DKT. 160, & Motion for the Court to Take Judicial Notice Pursuant to the Federal Rules of Evidence Rule 201. No response from the government is required.

Mr. Holger requests the Court to provide him with copies of the government's filing at Docket 159 and the Court's order at Docket 160 so that he may file them as attachments in separate matters.[1] Mr. Holger states that he received a copy of the filing at Docket 159 but no longer possesses that copy because he filed it as an attachment to a separate motion.[2] The Court's records show that a copy of the

---

[1] Docket 344 at 4, 6.

[2] Docket 344 at 3.

order at Docket 160 was mailed to Mr. Holger on February 21, 2020; however, it is unclear from his motion whether Mr. Holger is still in possession of that copy. Regardless of what he has done with them, Mr. Holger has received a copy of each of the two documents in question at no cost to him. He is not entitled to additional free copies, particularly when he has indicated that he seeks extra copies for reasons other than his defense in this criminal proceeding. Mr. Holger may obtain additional copies of the filing at Docket 159 and the order at Docket 160 by placing a request with the Clerk's office and paying the appropriate fee.[3]

Mr. Holger also requests that the Court take judicial notice of 14 alleged "facts."[4] "Courts may only take judicial notice of adjudicative facts that are 'not subject to reasonable dispute.' Facts are indisputable, and thus subject to judicial notice, only if they are either 'generally known' or 'capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned.'"[5] And the facts must be relevant to the issues to be adjudicated in the case—here, whether or not Mr. Holger committed cyberstalking crimes.[6] As

---

[3] *See* Loc. R. Civ. P. 79.2(b); Loc. R. Crim. P. 1.1(b). A list of the fees for printing and copying is available on the Court's website, at https://www.akd.uscourts.gov/fees; as of the date of this order, photocopies cost $0.50 per page and printing from PACER costs $0.10 per page.

[4] Docket 344 at 6–7.

[5] *United States v. Ritchie*, 342 F. 3d 903, 908–09 (9th Cir. 2003) (citations omitted) (quoting Fed. R. Evid. 201).

[6] *See Rouse v. Conner*, No. C 12-2121 PJH, 2012 WL 2589240, at *1 (N.D. Cal. July 3, 2012) ("[T]he court may deny a request for judicial notice of facts that are not relevant to the question at issue.") (citing *Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 n.2 (9th Cir. 2006); *Flick Liberty Mut. Fire Ins. Co.*, 205 F.3d 386, 393 n.7 (9th Cir. 2000)).

Case No. 3:18-cr-00035-SLG, *United States v. Eklund*
Order re Dual Motion in Limine & Motion for the Court to Take Judicial Notice
Page 2 of 3
Case 3:18-cr-00035-SLG   Document 346   Filed 08/03/20   Page 2 of 3

an example, if it were relevant to a particular dispute, a court could take judicial notice of the fact that July 1, 2020, fell on a Wednesday, since this could be accurately and readily determined by looking at a calendar.  Importantly, judicial notice under Evidence Rule 201 applies only to adjudicative facts; it does not apply to legislative facts, "which have relevance to legal reasoning and the lawmaking process, whether in the formulation of a legal principle or ruling by a judge or court or in the enactment of a legislative body."[7]  "A court . . . need not take notice of the law," since courts may freely consult legal authorities in the course of their analyses.[8]

The 14 statements that Mr. Holger has set forth in his motion "do not remotely fit the requirements of Rule 201."[9]  Accordingly, the Court will not take judicial notice of any of them.

For the foregoing reasons, Mr. Holger's motion at Docket 344 is DENIED.

DATED this 3rd day of August, 2020, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[7] *Nguyen v. Cavalry Portfolio Servs, LLC*, No. 15-CV-0063-CAB-BLM, 2015 WL 12672149, at *2 (S.D. Cal. Feb. 20, 2015) (quoting *Lucero v. Wong*, No. C 10-1339 SI PR, 2011 WL 5834963, at *5 (N.D. Cal. Nov. 21, 2011)); *see also* Fed. R. Evid. 201(a).

[8] *Stiller v. Costco Wholesale Corp.*, No. 3:09-cv-2473-GPC-BGS, 2013 WL 4401371, at *1 n.1 (S.D. Cal. Aug. 15, 2013).

[9] *Ritchie*, 342 F. 3d at 909.

Case No. 3:18-cr-00035-SLG, *United States v. Eklund*
Order re Dual Motion in Limine & Motion for the Court to Take Judicial Notice
Page 3 of 3
Case 3:18-cr-00035-SLG   Document 346   Filed 08/03/20   Page 3 of 3