# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LOUIS HOLGER EKLUND,<br><br>　　　　　Defendant. | Case No. 3:18-cr-00035-SLG-MMS |

### ORDER REGARDING MOTION FOR PAPER DISCOVERY

Before the Court at Docket 360 is defendant Louis Holger Eklund's *pro se* filing entitled "Motion for Discovery Pursuant to Fed. R. Crim. P. Rule 16(a)(1)(B)(i)(E)(i)." The government responded in opposition at Docket 366.

Mr. Holger is in custody at the Anchorage Correctional Complex (ACC) awaiting trial in this case. In January 2020, Mr. Holger elected to represent himself, and the Court appointed attorney Lance Wells as standby counsel.[1] The government provided discovery to Mr. Wells digitally. The digital discovery appears to consist of documents and audio files and contains "government-supplied indexes of discovery in Excel format."[2] Mr. Holger currently has three disks of digital discovery with him at the ACC.[3] Mr. Holger asserts that since June, he has "been able to review the discovery CDs twice, over a period of time totaling about 4 hours" and that none of the audio files on the CDs were

---

[1] Docket 147.

[2] Docket 366 at 3.

[3] Docket 360 at 2.

playable.[4] He maintains that the computer available to him at the ACC is "slow, old, ragged, & busted up."[5] Mr. Holger seeks an order requiring the government to provide him with "a full copy of discovery in paper format, including paper transcripts of the audio files."[6] He reasons that Federal Rule of Criminal Procedure 16(a)(1)(E) has been violated because he has "not been provided with the oportunity [sic] to inspect nor copy the documents & papers & audio files that are on the discovery CDs."[7]

The government responds that it "has fulfilled its discovery obligations under Federal Rule of Criminal Procedure 16 by producing discovery to the defendant's standby counsel" and that the Rule "does not compel the government to change the [sic] print discovery for the defendant when it has already provided discovery in functional electronic format."[8] The parties agree that there are many thousands of pages of discovery in this case: The government estimates there are more than 18,200 pages.[9] The government contends that "it would be unreasonable to print" that amount of discovery and that standby counsel can print discovery if requested by Mr. Holger.[10] And if standby counsel notifies the government that he cannot open certain digital files, "the government will

---

[4] Docket 360 at 2–3.

[5] Docket 360 at 4.

[6] Docket 360 at 7.

[7] Docket 360 at 4.

[8] Docket 366 at 3.

[9] Docket 366 at 4; Docket 360 at 3.

[10] Docket 366 at 4.

Case No. 3:18-cr-00035-SLG-MMS, *United States v. Eklund*
Order Re Motion for Paper Discovery
Page 2 of 4
Case 3:18-cr-00035-SLG   Document 367   Filed 10/30/20   Page 2 of 4

insure that a functional file is provided," but no such notice has been provided to it.[11] The government supports its position with a declaration from the Director for Institutions for the Alaska Department of Corrections, who states that the ACC currently has working computers for inmates to use, and that "[i]f an inmate received approximately 18,000 pages of paper discovery, that would create a logistical problem," but that an inmate "could have a box or two [of discovery] in his cell at a time."[12]

Mr. Holger cites to no authority requiring the government to disclose discovery in a particular form. Rule 16(a)(1)(E) requires the government to "permit the defendant to inspect and to copy" discovery; the Rule does not require the government *produce* discovery or to facilitate said inspection or copying if the defendant is provided with a complete set of discovery.[13] "[T]he express language contained in Rule 16 necessarily directs the conclusion that the rule does not require the government to copy or otherwise expend government funds in order to supply criminal defendants with their requested material."[14] The government has met its Rule 16 obligation.

---

[11] Docket 366 at

[12] Docket 366-1 (declaration of Jeremy Hough).

[13] *See United States v. Krug*, Case No. CR09-01148-MMM, 2013 WL 12219026, at *1 (C.D. Cal. Jan. 4, 2013) (Rule 16(a)(1)(E) "does not require that discovery be produced in any particular format"); *United States v. Jordan*, 316 F.3d 1215, 1249 (11th Cir. 2003) ("And even if there is a request [by the defendant pursuant to Rule 16(a)], the government is not obligated to make copies of the items.").

[14] *United States v. Freedman*, 688 F.2d 1364, 1366 (11th Cir. 1982) (noting that "Rule 16 does not expressly obligate the government to make even one copy of the documents" and concluding that "[t]o mandate that the government expend both its valuable time and funds in copying documents which the defendants have requested, when Rule 16 does not expressly require such, constitutes an abuse of the trial court's discretion[.]").

Case No. 3:18-cr-00035-SLG-MMS, *United States v. Eklund*
Order Re Motion for Paper Discovery
Page 3 of 4
Case 3:18-cr-00035-SLG   Document 367   Filed 10/30/20   Page 3 of 4

Mr. Holger may bring a motion if he is not able to access specified files on the discovery disks. In any such motion, Mr. Holger should specifically identify the files he has been unable to access and indicate to what extent he has attempted to work with standby counsel to access these files.

In light of the foregoing, IT IS ORDERED that the motion at Docket 360 is DENIED.

DATED this 30th day of October, 2020, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:18-cr-00035-SLG-MMS, *United States v. Eklund*
Order Re Motion for Paper Discovery
Page 4 of 4
Case 3:18-cr-00035-SLG   Document 367   Filed 10/30/20   Page 4 of 4