# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | |
| LOUIS HOLGER EKLUND, | Case No. 3:18-cr-00035-SLG-MMS |
| Defendant. | |

**ORDER REGARDING MOTION TO COMPEL STANDBY COUNSEL TO PRODUCE EVIDENCE**

Before the Court at Docket 376 is defendant Louis Holger Eklund's *pro se* filing entitled "Motion for the Court to Compell [sic] Standby Counsel, Lance Christian Wells, to Produce Exculpatory, & Impeachment, Evidence." No response from the government is necessary.[1]

The Court previously denied Mr. Holger's motion to have the government print more than 18,200 pages of discovery in this case that the government had already provided to Mr. Holger on CDs.[2] In the instant motion, Mr. Holger seeks an order compelling his standby counsel, Mr. Wells, to give him "copies of the exculpatory, & impeaching, evidence" identified in the motion.[3] The motion identifies seven categories

---

[1] *See* Docket 197 (text order stating that "the government need not respond to any filing by the defendant unless the Court orders a response").

[2] Docket 367.

[3] Docket 376 at 1, 3.

of evidence.[4] At a hearing on November 20, 2020, Mr. Holger referenced his recently filed *Brady* motion and stated that he would be satisfied receiving printed copies of just the items listed in his *Brady* motion, which Mr. Holger estimated to be only a few hundred pages. The *Brady* motion, in turn, requests a number of different documents and in fact appears to request a broader set of printed documents than requested in the instant motion.[5] Some of the requested documents are specifically identified (e.g., a previously filed defense motion) and others are broadly defined (e.g., "All documentary evidence or information that contradicts or is inconsistent with the expected testimony of any witness for the government").[6]

The determination of the instant motion turns on the scope of standby counsel's role. In January 2020, Mr. Holger requested that he be allowed to represent himself. After conducting a *Farretta* inquiry, the Court granted the motion and appointed Mr. Wells (who had been representing Mr. Holger) to act as standby counsel. Although Mr. Holger is under no obligation to make use of standby counsel, the Court intends that, if requested by Mr. Holger, standby counsel's role at this stage of litigation includes each of the following: (1) facilitating Mr. Holger's review of the discovery produced by the government; (2) assisting Mr. Holger in navigating the Anchorage Correctional Complex's procedures for possessing and accessing legal materials in the jail; (3) acting as a liaison between Mr. Holger and the government to ensure that Mr. Holger has the necessary discovery; and (4) maintaining sufficient familiarity with the case to assist Mr. Holger with legal issues

---

[4] Docket 376 at 1–2.

[5] *Compare* Docket 369 at 2–4 *with* Docket 376 at 1–2.

[6] Docket 369 at 2–4.

Case No. 3:18-cr-00035-SLG-MMS, *United States v. Eklund*
Order Re Motion to Compel Standby Counsel to Produce Evidence
Page 2 of 4
Case 3:18-cr-00035-SLG   Document 384   Filed 11/25/20   Page 2 of 4

when requested.[7] This role is limited to *reasonable* requests made by Mr. Holger. Standby counsel's role does not include seeking out additional evidence apart from the government's discovery. It is the government's role to ensure that all *Brady* material is discovered.

In light of the foregoing, the motion at Docket 376 is GRANTED IN PART and DENIED IN PART as follows: Standby counsel shall provide Mr. Holger with printed copies of the documents listed in Docket 369 and Docket 376 *but only* those documents that are contained in the discovery provided by the government and are reasonably identified by Mr. Holger.[8] Standby counsel has no obligation at this time to locate and/or print documents for Mr. Holger that are not included within the government's discovery. Standby counsel also has no obligation to have audio recordings transcribed, but shall assist in making arrangements for Mr. Holger to listen to such discovery in the Anchorage Correctional Complex.

//
//
//
//
//
//

---

[7] *See United States v. Youker*, Case No. 14-CR-00152-SMJ, 2015 WL 3658167, at *5 (E.D. Wash. June 12, 2015) (discussing role of standby counsel related to discovery).

[8] The government has noted which of the requested materials that it has already included in discovery. *See* Docket 374 at 5–6.

Case No. 3:18-cr-00035-SLG-MMS, *United States v. Eklund*
Order Re Motion to Compel Standby Counsel to Produce Evidence
Page 3 of 4
Case 3:18-cr-00035-SLG   Document 384   Filed 11/25/20   Page 3 of 4

It appears that Mr. Holger currently has possession of the discovery CDs with him in jail. The government shall promptly ensure that standby counsel has his own set of discovery CDs so that he may print the requested portions of this discovery for Mr. Holger.[9]

DATED this 25th day of November, 2020, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[9] The District of Alaska's Criminal Justice Act Compensation Policy authorizes reimbursement to CJA counsel for either in-house printing or outsourced printing. *CJA Compensation Policy Manual* § 7.6.

Case No. 3:18-cr-00035-SLG-MMS, *United States v. Eklund*
Order Re Motion to Compel Standby Counsel to Produce Evidence
Page 4 of 4
Case 3:18-cr-00035-SLG   Document 384   Filed 11/25/20   Page 4 of 4