# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>LOUIS HOLGER EKLUND,<br><br>    Defendant. | Case No. 3:18-cr-00035-SLG-MMS |

### ORDER REGARDING MOTION TO DISCHARGE STANDBY COUNSEL

Before the Court at Docket 389 is defendant Louis Holger Eklund's *pro se* filing entitled "Objection & Showing of Severe Incompetence of Standby Counsel, Lance Christian Wells, & Motion for an Order for Lance Christian Wells to Withdraw from this Case Due to Ineffective Assistance of Counsel." No response from the government is necessary.[1]

In January 2020, Mr. Holger requested that he be allowed to represent himself. After conducting a *Faretta* inquiry, the Court granted the motion and appointed Mr. Wells (who had been representing Mr. Holger) to act as standby counsel. Mr. Holger has expressed dissatisfaction with Mr. Wells, and the instant motion seeks an order withdrawing Mr. Wells from acting as standby counsel.[2]

---

[1] *See* Docket 197 (text order stating that "the government need not respond to any filing by the defendant unless the Court orders a response.").

[2] Docket 389 at 4.

This Court has the authority to order standby counsel over a defendant's objection.[3] The right to self-representation is not "'a license not to comply with relevant rules of procedural and substantive law,' and a trial court may terminate self-representation where a defendant 'deliberately engages in serious and obstructionist misconduct.'"[4] Based on observations of Mr. Holger both in his writings to the Court and in his courtroom behavior on and off the record, the Court has considerable concern about Mr. Holger's ability and willingness to comply with this Court's orders during trial both as to the scope of permissible evidence and argument and as to the conduct expected of him in the courtroom.[5] "The right of self-representation is not a license to abuse the dignity of the courtroom"[6] and can be forfeited if a defendant is not "able and willing to abide by rules of procedure and courtroom protocol."[7]

The Court will retain Mr. Wells as standby counsel in this case for three reasons: First, Mr. Wells is available to facilitate Mr. Holger's review of discovery while he is in custody.[8] Second, Mr. Holger will have an experienced attorney to consult with regarding

---

[3] *Cooks v. Newland*, 395 F.3d 1077, 1080 (9th Cir. 2005) (citing *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975)).

[4] *Cooks*, 395 F.3d at 1080 (quoting *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975)).

[5] *See United States v. Flewitt*, 874 F.2d 669, 674 (9th Cir. 1989) (defendant's pretrial activity can be relevant "if it affords a strong indication that the defendants will disrupt the proceedings in the courtroom"); *Hatten v. Yates*, Case No. CV 06-3751-DMG, 2011 WL 6941698, at *14 (C.D. Cal. June 15, 2011) (finding trial court's decision to revoke defendant's *pro se* status reasonable "in light of the significant record of petitioner's disruptive and hostile pleadings and courtroom behavior, and refusal to obey the trial court's repeated admonitions").

[6] *Faretta*, 422 U.S. at 834 n.46.

[7] *McKaskle v. Wiggins*, 465 U.S. 168, 173 (1984). *See United States v. Engel*, 968 F.3d 1046, 1050–51 (9th Cir. 2020) for a discussion of courtroom behavior that can trigger revocation of self-representation.

[8] *See* Docket 384 ("Order Regarding Motion to Compel Standby Counsel to Produce

Case No. 3:18-cr-00035-SLG-MMS, *United States v. Eklund*
Order Re Motion to Relieve Standby Counsel
Page 2 of 4
Case 3:18-cr-00035-SLG   Document 394   Filed 12/09/20   Page 2 of 4

appropriate behavior in court, which may increase the odds of Mr. Holger being allowed to continue to represent himself and will "relieve the judge of the need to explain and enforce basic rules of courtroom protocol."[9]  Third, this case has been pending since March 2018 with Mr. Holger detained in custody, and Mr. Holger has expressed that he would like to have a trial as soon as possible; if the Court finds cause during trial to revoke Mr. Holger's *pro se* status, it will have standby counsel who can step in to complete the trial and avoid the delay of having new counsel prepare for trial.[10]

Mr. Wells represented Mr. Holger in this case prior to Mr. Holger's request to represent himself. The Court has also observed Mr. Holger and Mr. Wells together in the courtroom. Mr. Wells is the local attorney best suited to serve as standby counsel in this case because he is the most familiar with this case and because of his observed ability to work with Mr. Holger in the courtroom.

Of course, so long as Mr. Holger retains his *pro se* status, he need not make use of standby counsel if he so chooses.

---

Evidence").

[9] *Savage v. Estelle*, 924 F.2d 1459, 1462 (9th Cir. 1990). *Accord Frantz v. Hazey*, 533 F.3d 724, 740 (9th Cir. 2008) ("[S]tandby counsel may assist in two ways: (1) 'in overcoming routine procedural or evidentiary obstacles to the completion of some specific task, such as introducing evidence or objecting to testimony, that the defendant has clearly shown he wishes to complete,' and (2) by 'help[ing] to ensure the defendant's compliance with basic rules of courtroom protocol and procedure.'") (quoting *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984)).

[10] *Faretta*, 422 U.S. at 834 n.46 (stating that courts may appoint standby counsel over the defendant's objection "to be available to represent the accused in the event that termination of the defendant's self-representation is necessary."); *Engel*, 968 F.3d at 1051–52 (noting that after the trial court revoked the defendant's *pro se* status during trial, standby counsel stepped in and cross-examined government witnesses until the court reinstated the defendant's *pro se* status); *United States v. Mack*, 362 F.3d 597, 599 (9th Cir. 2004) (noting that it was "regrettable" that no standby counsel was appointed for an "obstreperous" and "contemptuous" *pro se* defendant because no one was available to step in as counsel when the defendant was excluded from the courtroom during trial).

In light of the foregoing, IT IS ORDERED that the motion at Docket 389 is DENIED.

DATED this 9th day of December, 2020, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE