# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>LOUIS HOLGER EKLUND,<br><br>    Defendant. | Case No. 3:18-cr-00035-SLG |

### ORDER REGARDING MOTION FOR RULE 17 SUBPOENA FOR PREA REPORT AND INVESTIGATION DOCUMENTS

Before the Court at Docket 414 is defendant Louis Holger Eklund's *pro se* Motion to Issue Subpoena to Produce Documents Pursuant to Fed. R. Crim. P. Rule 17(c)(1). No response from the government is necessary.[1]

Mr. Holger asserts that in December 2018, he made a Prison Rape Elimination Act (PREA) report regarding alleged sexual assaults by law enforcement officers against female inmates of the Kotzebue Regional Jail.[2] Mr. Holger seeks to have the Court "issue a subpoena for all documents related to the PREA report . . . & all documents arising out of the investigation" of the PREA

---

[1] *See* Docket 197 (text order stating that "the government need not respond to any filing by the defendant unless the Court orders a response").

[2] Docket 414 at 3.

report.[3]  It is unclear whether Mr. Holger seeks pretrial production of the documents.

A Rule 17(c) subpoena "may direct the witness to produce the designated [document] in court before trial or before they are to be offered in evidence."[4] Once the document is delivered to the court, "the court may permit the parties and their attorneys to inspect" the documents.[5]  "The party seeking to use the use of a subpoena under Rule 17(c), Federal Rules of Criminal Procedure, must show: 1) relevancy, 2) admissibility, and 3) specificity."[6]  If a party seeks the *pretrial* production of documents pursuant to the subpoena, the moving party must make four showings:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."[7]

---

[3] Docket 414 at 5.

[4] Fed. R. Crim. P 17(c)(1).

[5] Fed. R. Crim. P 17(c)(1).

[6] *United States v. Eden*, 659 F.2d 1376, 1381 (9th Cir. 1981) (citing *United States v. Nixon*, 418 U.S. 683, 699–700 (1974)).

[7] *United States v. Krane*, 625 F.3d 568, 574 (9th Cir. 2010) (quoting *United States v. Nixon*, 418 U.S. 683, 699–700 (1974)).

Case No. 3:18-cr-00035-SLG-MMS, *United States v. Eklund*
Order Re Motion for Rule 17(c) Subpoena for PREA Report and Investigation Documents
Page 2 of 4
Case 3:18-cr-00035-SLG   Document 430   Filed 02/05/21   Page 2 of 4

A court should "engage[] in a 'discretionary, case-by-case inquiry'" into these factors.[8]

Mr. Holger has broadly asserted that he seeks "all documents related to the PREA report . . . & all documents arising out of the investigation" of the PREA case.[9] Issuance of a Rule 17 subpoena "depends on whether the subpoena reflects a genuine effort to obtain identifiable and relevant evidence or instead constitutes a broad 'fishing expedition' which seeks to use the Rule as a means for obtaining additional discovery."[10] A party "[r]equesting entire files instead of specific documents indicates a fishing expedition."[11] Mr. Holger has not specified the information contained in the requested documents or believed to be contained in the requested documents, and this lack of specificity indicates that his request is likely a prohibited "fishing expedition."[12]

In light of the foregoing, IT IS ORDERED that the motion at Docket 414 is DENIED without prejudice to Mr. Holger to renewing the motion and addressing

---

[8] *Id.* (quoting *United States v. Bergeson*, 425 F.3d 1221, 1225 (9th Cir. 2005)).

[9] Docket 414 at 5.

[10] *United States v. Noriega*, 764 F. Supp. 1480, 1493 (S.D. Fla. 1991) (quoting *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220–21 (1951)).

[11] *United States v. Venecia*, Case No. 96-449-FR, 1997 WL 325328, at *3 (citing *United States v. Reed*, 726 F.2d 570, 577 (9th Cir. 1984)).

[12] *See United States v. Noriega*, 764 F. Supp. 1480, 1493 (S.D. Fla. 1991) ("If the moving party cannot reasonably specify the information contained or believed to be contained in the documents sought but merely hopes that something useful will turn up, this is a sure sign that the subpoena is being misused.")

Case No. 3:18-cr-00035-SLG-MMS, *United States v. Eklund*
Order Re Motion for Rule 17(c) Subpoena for PREA Report and Investigation Documents
Page 3 of 4

Case 3:18-cr-00035-SLG   Document 430   Filed 02/05/21   Page 3 of 4

the legal standards discussed above. Mr. Holger may move to file his subpoena motions *ex parte* if believes that is warranted.[13]

DATED this 5th day of February, 2021, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[13] *See* Local Civil Rule 7.3(e); Local Criminal Rule 1.1(b).

Case No. 3:18-cr-00035-SLG-MMS, *United States v. Eklund*
Order Re Motion for Rule 17(c) Subpoena for PREA Report and Investigation Documents
Page 4 of 4
Case 3:18-cr-00035-SLG   Document 430   Filed 02/05/21   Page 4 of 4