# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>LOUIS HOLGER EKLUND,<br><br>  Defendant. | Case No. 3:18-cr-00035-SLG-MMS |

## ORDER REGARDING MOTION TO TAKE JUDICIAL NOTICE

Before the Court at Docket 444 is defendant Louis Holger Eklund's *pro se* Motion for the Court to Take Judicial Notice Pursuant to Fed. R. Evid. Rule 201(b)(2)(c)(2). No response from the government is necessary.[1] The Court construes Mr. Holger's motion as both a motion for judicial notice and as a motion for judicial recusal.

Mr. Holger seeks to have the Court to take judicial notice of eight purported facts related to his filings in the Ninth Circuit Court of Appeals in case number 20-35966.[2] The Ninth Circuit case is an appeal of a civil case Mr. Holger filed against several defendants, including the undersigned judge in the District of Alaska, which was "dismissed with prejudice for being frivolous" in 2018.[3] The Court has reviewed Mr. Holger's assertions and finds that they are not "facts" subject to judicial notice because they are not relevant to the substance of this criminal case and would not be admissible in trial. The Court will

---

[1] *See* Docket 197 (text order stating that "the government need not respond to any filing by the defendant unless the Court orders a response.").

[2] Docket 444 at 5–6.

[3] Case No. 3:18-cv-00079-RRB at Docket 5, page 3.

not take judicial notice of any of the eight alleged "facts" Mr. Holger sets forth in his motion, and that portion of the motion is denied.

To the extent the motion seeks judicial recusal pursuant to 28 U.S.C. §§ 455,[4] the motion is denied. No provision of 28 U.S.C. § 455(a) or (b) applies in this case.[5] Moreover, a litigant cannot force the recusal of an assigned district court judge merely by filing or appealing a meritless lawsuit naming the judge as a defendant.[6]

In light of the foregoing, IT IS ORDERED that the motion at Docket 444 is DENIED.

DATED this 9th day of March, 2021, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[4] Docket 444 at 4, 6. Mr. Holger asserts that he will be filing a "forthcoming motion, with supporting affidavit," for recusal pursuant to 28 U.S.C. § 144. Docket 444 at 5. Accordingly, the Court does not address § 144 in this order.

[5] The standard for recusal pursuant to 28 U.S.C. § 455 is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Nelson*, 718 F.2d 315, 321 (9th Cir. 1983); *U.S. v. McTierman*, 695 F.3d 882, 891 (9th Cir. 2012). Recusal is required if a reasonable third-party would perceive a "significant risk" that the judge would resolve the case on a basis other than the merits. *Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 860 (1988). "The reasonable person in this context means a well-informed, thoughtful observer, as opposed to a hypersensitive or unduly suspicious person." *Clemens v. U.S. Dist. Court for the Central Dist. of Nevada*, 428 F.3d 1175, 1178 (9th Cir. 2005) (internal quotations and citations omitted). This standard is not met here.

[6] *United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986) ("A judge is not disqualified by a litigant's suit or threatened suit against him, or by a litigant's intemperate and scurrilous attacks.") (internal citations omitted); *United States v. Bundy*, Case No. 2:16-cr-046-GMN-PAL, 2016 WL 3012041, at *2 (D. Nev. May 24, 2016) (a defendant "cannot, for reason of disqualification, name a judge in a new lawsuit with the purpose of disqualifying her from the instant case. While a judge cannot act in her own case, neither may [defendant] file 'specious pleadings' solely for the purpose of disqualifying her.") (citations omitted).

Case No. 3:18-cr-00035-SLG-MMS, *United States v. Eklund*
Order Re Motion to Take Judicial Notice
Page 2 of 2
Case 3:18-cr-00035-SLG   Document 462   Filed 03/09/21   Page 2 of 2