# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> LOUIS HOLGER EKLUND, <br><br> Defendant. | Case No. 3:18-cr-00035-SLG |

**ORDER REGARDING MOTION TO UNSEAL REDACTED KAUFMAN REPORT**

Pending before the Court at Docket 492 is *pro se* defendant Louis Holger Eklund's Objection and Preservation of Claimed Error Pursuant to Fed.R.Crim.P Rule 51 Re: The Kaufman Report at Docket 479. The Court construes this as a motion to unseal the copy of the redacted Kaufman report entered at Docket 479.

The Kaufman report at Docket 479 consists of two expert reports prepared in 2017 for use in Alaska state Child in Need of Aid cases. The report contains information about multiple third parties—adults and minors—relating to sexual abuse, domestic violence, drug use, criminal history, and medical and mental health. The redacted copy uses only the first names of adults and only the initials of minors. Mr. Holger asserts that "[a]ll sensitive information about the identity of my son & my wife was/is redacted. There is no reason why the Kaufman report

should have been sealed from public review."[1] The third parties mentioned in the Kaufman report include people other than Mr. Holger's son and wife.

There is a general presumption in favor of court records being accessible to the public.[2] However, a court may seal certain records if there is "good cause" or there are "compelling reasons" to do so.[3] "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets."[4] The Court has previously found that

> Mr. Holger has informed this Court that he routinely mails unfounded information about the alleged victims, the government actors involved in this case, and court personnel to a variety of public figures such as local elected officials, federal congressional members, celebrities, and news outlets. Moreover, Mr. Holger has filed frivolous civil suits in this district and in Alaska state court that include similar unfounded information about potential witnesses. Finally, Mr. Holger has repeatedly violated court orders in this matter. Based on the record in this case, Court finds it likely that Mr. Holger would attempt to intimidate, harass, or tamper with witnesses and that a protective order would not adequately protect the witnesses from such attempted conduct.[5]

---

[1] Docket 492 at 1

[2] *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

[3] *Id.* at 1179–80.

[4] *Id.* at 1179 (internal quotations omitted) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

[5] Docket 472 at 1, n.1 (citing Docket 393 at 4 and other docket entries).

Case No. 3:18-cr-00035-SLG, *United States v. Eklund*
Order Re Motion to Unseal Redacted Kaufman Report
Page 2 of 4
Case 3:18-cr-00035-SLG   Document 503   Filed 04/06/21   Page 2 of 4

Mr. Holger states that the Kaufman report should be unsealed because "[t]he public needs to be able to review the pathetic, pathological, disgusting lies that [an alleged victim] & Philip N. Kaufman wrote in the Kaufman report."[6] Thus, it appears that Mr. Holger seeks to have the redacted Kaufman report unsealed so that it may "become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, [or] circulate libelous statements."[7]

Next, the Kaufman report does not relate to a dispositive motion, and "[t]he public policies that support the right of access to dispositive motions, and related materials, does not apply with equal force to non-dispositive materials."[8] The Kaufman report is not directly relevant to the merits of this criminal case, so the strong presumption of access by the public does not apply, and the report may remain under seal for "good cause."[9]

Additionally, the information relates to third parties—some of whom are minors— who are not involved in this case and have had no notice or opportunity to object to the report being unsealed. Although the full names of the third parties

---

[6] Docket 492 at 1.

[7] *Kamakana*, 447 F.3d at 1179.

[8] *Id.* (citing *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002))

[9] *Id.* at 1180. *Kamakana* addressed records sealed in a civil case and adopted the "good cause" standard set forth in Federal Rule of Civil Procedure 26(c). Federal Rule of Criminal Procedure 49.1 also authorizes a court to limit access to a court document "[f]or good cause."

Case No. 3:18-cr-00035-SLG, *United States v. Eklund*
Order Re Motion to Unseal Redacted Kaufman Report
Page 3 of 4
Case 3:18-cr-00035-SLG   Document 503   Filed 04/06/21   Page 3 of 4

are redacted, their identities are easily ascertainable based on other information in the report.

Finally, the Alaska Rules of Court governing CINA cases provide that "[t]he records of a child in need of aid proceedings are confidential. Only parties and their attorneys may have access to the court file except as otherwise authorized by statute or court order for good cause shown."[10] This provision reflects the state courts' intent to keep CINA reports confidential and not accessible to the public.

## CONCLUSION

In light of the foregoing, the Court finds both good cause and compelling reasons for the redacted Kaufman report to remain under seal. The motion at Docket 492 is DENIED.

IT IS SO ORDERED.

DATED this 6th day of April, 2021, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[10] Alaska CINA Rule 22(a); *cf.* AS 47.10.092.

Case No. 3:18-cr-00035-SLG, *United States v. Eklund*
Order Re Motion to Unseal Redacted Kaufman Report
Page 4 of 4
Case 3:18-cr-00035-SLG   Document 503   Filed 04/06/21   Page 4 of 4