# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | |
| LOUIS HOLGER EKLUND, | Case No. 3:18-cr-00035-SLG |
| Defendant. | |

## ORDER REGARDING NOTICES OF LAY COUNSEL

Before the Court at Docket 506 is a filing entitled "Notice of Superseeding [sic] Entry" filed by Wyatt Redfox. The notice purports to be a notice of entry of counsel, wherein Mr. Redfox asserts that he is appearing as counsel for *pro se* defendant Louis Holger Eklund "for the purpose of conducting trial."[1] Before the Court at Docket 507 is a filing by Mr. Holger entitled "Notice of Appointment of Trial Counsel," in which Mr. Holger asserts that he has appointed Mr. Redfox "as my trial counsel, for my upcoming trial."[2]

Mr. Redfox is an inmate at the Anchorage Correctional Complex and there is no indication that he is an attorney licensed to practice law. Mr. Holger has elected to proceed *pro se*, and a *pro se* litigant's interests may only be represented by the litigant himself or—should he forgo his right to self-representation—by a

---

[1] Docket 506 at 1.

[2] Docket 507 at 2.

licensed attorney.[3] Mr. Holger has no right to by represented by a non-attorney. There is a "well-settled rule against lay representation,"[4] and "the Sixth Amendment affords the right of self-representation, but not a *right* to lay representation."[5] Mr. Redfox is not an attorney and may not appear in this action or otherwise serve as counsel for Mr. Holger.

In light of the foregoing, Mr. Redfox will not be permitted to appear as counsel for Mr. Holger, will not be permitted to file documents in this case, and will not be served with any filings.

IT IS SO ORDERED.

DATED this 7th day of April, 2021, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[3] *United States v. Wright*, 568 F.2d 142, 143 (9th Cir. 1978) ("The Supreme Court [in *Faretta v. California*] did not extend the sixth amendment to encompass the right to be represented before the bar of a court by a layman. Each circuit which has considered the question has held there is no right to representation by persons who are not qualified attorneys.").

[4] *United States v. French*, 748 F.3d 922, 933 (9th Cir. 2014); *accord Wheat v. United States*, 486 U.S. 153, 159 (1988) ("an advocate who is not a member of the bar may not represent clients (other than himself) in court"); *Herrera–Venegas v. Sanchez–Rivera*, 681 F.2d 41, 42 (1st Cir. 1982) ("The federal courts have consistently rejected attempts at third-party lay representation. By law an individual may appear in federal courts only pro se or through legal counsel." (citation omitted)).

[5] *Id.* at 934 (emphasis in original) (internal quotations and citation omitted).