# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>        v.<br><br>LOUIS HOLGER EKLUND,<br><br>                  Defendant. | Case No. 3:18-cr-00035-SLG |

## ORDER REGARDING MOTION FOR JUDICIAL NOTICE

Before the Court at Docket 516 is *pro se* defendant Louis Holger Eklund's Motion for the Court to Take Judicial Notice Pursuant to Fed. R. Evid. Rule 201. No response from the government is necessary.[1]

Mr. Holger seeks to have the Court take judicial notice of six purported "facts."[2] The Court has reviewed Mr. Holger's assertions and finds that they are not appropriate for judicial notice because—as demonstrated by Mr. Holger's emphases on alleged inconsistencies in the government's discovery and proposed exhibits—they are subject to reasonable dispute and cannot be accurately and readily determined from sources whose accuracy cannot reasonably be

---

[1] *See* Docket 197 (text order stating that "the government need not respond to any filing by the defendant unless the Court orders a response").

[2] Docket 516 at 4–5.

questioned.³ They are also not generally known within this Court's territorial jurisdiction.⁴ If Mr. Holger has evidentiary objections to the government's proposed exhibits, the Court has scheduled a hearing to address those objections for April 14, 2021, and will address Mr. Holger's objections at that time.⁵

Moreover, a Court does not take judicial notice of information simply because it is contained in a discovery document. If Mr. Holger seeks to have a document or testimony entered into evidence, he may do so by showing that it is relevant pursuant to Federal Rules of Evidence 401 and 402, is not excludable pursuant to Rule 403, and is otherwise admissible pursuant to the Federal Rules of Evidence and the U.S. Constitution. Finally, the actions or intentions of a government attorney are not the proper subject of judicial notice, and the determination of the credibility of witnesses is solely for the jury to decide at trial.⁶

In light of the foregoing, IT IS ORDERED that the motion at Docket 516 is DENIED.

DATED this 12th day of April, 2021, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

³ Fed. R. Evid. 201(b).

⁴ Fed. R. Evid. 201(b).

⁵ Docket 515; Docket 517.

⁶ *Cockrum v. Whitney*, 479 F.2d 84, 86 (9th Cir. 1973) ("It is the jury, not the judge, which 'weighs the contradictory evidence and inferences, judges the credibility of witnesses, receives expert instructions, and draws the ultimate conclusion as to the facts.'" (quoting *Tennant v. Peoria & P.U. Ry.,* 321 U.S. 29, 35 (1944)).

Case No. 3:18-cr-00035-SLG, *United States v. Eklund*
Order Re Motion for Judicial Notice
Page 2 of 2
Case 3:18-cr-00035-SLG   Document 527   Filed 04/12/21   Page 2 of 2