# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

            Plaintiff,

      v.

LOUIS HOLGER EKLUND,

a/k/a/ LOUIS HOLGER,

            Defendant.

Case No. 3:18-cr-00035-SLG

## **COURT'S PRELIMINARY CLOSING JURY INSTRUCTIONS**

DATED: April 26, 2021

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

## Instruction #1

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. Each of you will be provided a copy of these instructions in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, or gender. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

1

## Instruction #2

The Indictment is not evidence. The defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant does not have to testify or present any evidence. The defendant does not have to prove innocence; the government has the burden of proving every element of the charge beyond a reasonable doubt.

**Instruction #3**

The defendant has testified. You should treat this testimony just as you would the testimony of any other witness.

3

**Instruction #4**

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

4

**Instruction #5**

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness; and

(2) the exhibits received in evidence.

# Instruction #6

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers and by Mr. Holger when he was not testifying under oath are not evidence. Although you must consider a lawyer's or Mr. Holger's questions to understand the answers of a witness, the questions are not evidence. Similarly, what the parties have said in their opening statements, and will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the parties state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

6

## Instruction #7

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

## Instruction #8

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

8

## Instruction #8, continued

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

9

**Instruction #9**

You are here only to determine whether the defendant is guilty or not guilty of the charges in the Indictment. The defendant is not on trial for any conduct or offense not charged in the Indictment.

## Instruction #10

A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on the other count.

**Instruction #11**

The Indictment charges that the offenses alleged in Count 1 and in Count 2 were committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on dates reasonably near the dates alleged in Count 1 and Count 2 of the Indictment, it is not necessary for the government to prove that the offenses were committed precisely on the dates charged.

## Instruction #12

You have heard testimony that the defendant made certain statements. With respect to each statement, it is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

# Instruction #13

You have received evidence that the District Court for the State of Alaska at Kotzebue issued a protective order regarding the Defendant. This evidence is admitted only for two limited purposes:

First, for the purposes of deciding whether the defendant knew that Nicole Stoops had sought a protective order that the defendant not contact Nicole Stoops, Jake Stoops, or their children, and that a court had issued that protective order;

Second, and relatedly, for the purpose of deciding whether the Defendant committed Cyberstalking against Nicole Stoops in violation of the protective order.

Do not consider this evidence for any other purpose.

Of course, it is for you to determine whether you believe this evidence and, if you do believe it, whether you accept it for the purpose offered. You may give it such weight as you feel it deserves, but only for the limited purposes that I have described to you.

Remember that Mr. Holger is only on trial for Cyberstalking, not for these other acts. Do not return a guilty verdict unless the government proves the crimes charged in the Indictment beyond a reasonable doubt.

14

## Instruction #14

The defendant is also not on trial for committing any act that led the state to file the Child in Need of Aid case involving the defendant's child. The Court has limited the evidence that each party could present about the Child in Need of Aid case at this trial because it determined that much of the evidence related to the Child in Need of Aid case was not admissible under the Federal Rules of Evidence.

You may not consider the evidence regarding the Child in Need of Aid case as a substitute for proof that the defendant committed the crimes charged in this case. You may not consider this evidence as proof that the defendant has a bad character or any propensity to commit crimes. Specifically, you may not use this evidence to conclude that, because the defendant may have committed the other acts that led the state to file the Child in Need of Aid case, he must also have committed the acts charged in the indictment.

Again, remember that Mr. Holger is only on trial for Cyberstalking, not for these other acts. Do not return a guilty verdict unless the government proves the crimes charged in the Indictment beyond a reasonable doubt.

15

**Instruction #15**

You have heard evidence that the defendant has previously been convicted of a crime. You may consider that evidence only as it may affect the defendant's believability as a witness. You may not consider a prior conviction as evidence of guilt of the crime for which the defendant is now on trial.

**Instruction #16**

During the trial, certain charts and summaries were shown to you in order to help explain the evidence in the case. These charts and summaries were not admitted into evidence and will not go into the jury room with you. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

## Instruction #17

Certain charts and summaries have been admitted into evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

## Instruction #18

The defendant is charged in Count 1 of the Indictment with Cyberstalking in violation of Title 18, United States Code, Section 2261A(2)(B). In order for the defendant to be found guilty of Count 1, the government must prove each of the following elements beyond a reasonable doubt:

1. The defendant acted with the intent to harass or intimidate Carla Erickson;

2. by knowingly using the mail, any interactive computer service or electronic communication service, or electronic communication system of interstate commerce, or any other facility of interstate or foreign commerce;

3. to knowingly engage in a course of conduct;

4. that caused, attempted to cause, or would be reasonably expected to cause substantial emotional distress to Carla Erickson or Travis Erickson.

19

# Instruction #19

The defendant is charged in Count 2 of the Indictment with Cyberstalking in violation of Title 18, United States Code, Section 2261A(2)(B). In order for the defendant to be found guilty of Count 2, the government must prove each of the following elements beyond a reasonable doubt:

1. The defendant acted with the intent to harass or intimidate Nicole Stoops;

2. by knowingly using the mail, any interactive computer service or electronic communication service, or electronic communication system of interstate commerce, or any other facility of interstate or foreign commerce;

3. to knowingly engage in a course of conduct;

4. that caused, attempted to cause, or would be reasonably expected to cause substantial emotional distress to Nicole Stoops or Jake Stoops.

20

**Instruction #20**

A defendant acts with the intent to harass or intimidate if they act with the intent and purpose of harassing or intimidating the alleged victim. The government is not required to prove that the defendant intended to violate a specific law.

21

## Instruction #21

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

**Instruction #22**

The following definitions apply to this case:

Any telephone call is "**use**" of a "**facility of interstate commerce**," regardless of whether the telephone call crossed state or foreign borders.

Any use of the internet is "**use**" of a "**facility of interstate commerce**," regardless of whether the information crossed state or foreign borders.

The term "**course of conduct**" means a pattern of conduct composed of two or more acts, evidencing a continuity of purpose.

The term "**protection order**" includes any order issued by a court for the purpose of preventing violent or threatening acts or harassment, or contact or communication with or physical proximity to, another person, including any temporary or final order issued by a court in response to a complaint, petition, or motion filed by or on behalf of a person seeking protection.