E. BRYAN WILSON
Acting United States Attorney

JONAS M. WALKER
Assistant United States Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: jonas.walker@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | ) No.  3:18-cr-35-01-SLG |
|---|---|
| Plaintiff, | ) |
| vs. | ) |
| LOUIS HOLGER EKLUND, a/k/a LOUIS HOLGER | ) |
| Defendant. | ) |

**SENTENCING MEMORANDUM**

I.  **REQUESTED SENTENCE**

    **Incarceration**............................................................................120 months

    **Supervised Release** ................................................................. 3 years

    **Restitution** ..............................................None Requested as of Date of Filing

    **Fine** ...........................................................................................None

    **Special Assessment** ..............................................................$200.00

## II. SENTENCING GUIDELINES

The revised final presentence report ("PSR," doc. 578) calculates a total offense level of 30 and a criminal history category of VI, *i.e.* the highest level. The associated guideline range for offense level 30, with category VI, is 168 to 210 months.

The statutorily authorized maximum sentence is 10 years. Therefore, per USSG §5G1.1(a)[1], the guideline term of imprisonment is 120 months.

## III. FACTORS ENUMERATED BY CONGRESS IN 18 U.S.C. 3553(a)

### 1. (a)(1): Offenses and offender

#### Summary of Offense Conduct

For approximately two and half years,[2] the Defendant relentlessly stalked two victims because they fulfilled their professional responsibilities to the protect the Defendant's child from abuse or neglect. Even after indictment and arrest, and while trial was pending for more than three years,[3] the Defendant made clear his belief that his crimes were justified by the victims' actions and, further, that he is an extraordinary person unfettered by laws applying to other people. For example, in an order denying the Defendant's request to issue frivolous trial subpoenas, the Court noted:

---

[1] *See also* application note 3 regarding § 5G1.2. "However, where a statutorily authorized maximum sentence on a particular count is less than the minimum of the applicable guideline range, the sentence imposed on that count shall not be greater than the statutorily authorized maximum sentence on that count."

[2] The offense dates in the Superseding Indictment (Dkt. 97) are, for Count 1: July 1, 2016 – March 26, 2019; and for Count 2: August 1, 2016 – February 28, 2018.

[3] The Defendant was arraigned on March 30, 2018. (Dkt. 7.) Due to litigation regarding the Defendant's competence and, then, the COVID pandemic, trial did not begin until April 19, 2021. (Dkt. 545.)

> He has also filed frivolous civil suits in this district and in Alaska state court that include similar unfounded information. And he has repeatedly violated court orders in this case. The Court has also had to strike from the record numerous irrelevant letters sent by Mr. Holger to various people not associated with this case, which Mr. Holger then attempted to file into the docket in this case. Mr. Holger has also created and filed false documents into the record that purport to be court orders, which has caused the Court to order those filings to be marked "Void: This is not a valid court order. It is a filing by a self-represented litigant." Mr. Holger's conduct demonstrates his attempts to expand this case far beyond the scope of the charged conduct.[4]

The Court found "it likely that Mr. Holger would attempt to intimidate, harass, or tamper with witnesses and that a protective order would not adequately protect the witnesses from such attempted conduct," and, therefore ordered that the Government was not required to disclose witnesses' addresses.[5] Likewise, the Court ordered that all telephone numbers are blocked from Mr. Holger Eklund's access, with the exception of his attorney's telephone number" because "his repeated calling and extended voicemails, his continued communication has negatively affected everyday court business by filling the Clerk's voicemail."[6]

<u>Count 1: Cyberstalking against Victim C.E.</u>

In 2016, the State of Alaska initiated Child in Need of Aid ("CINA") proceedings because the Office of Children's Services received a report that the Defendant had

---

[4] Dkt. 481 at 3
[5] Dkt. 393 at 4
[6] Dkt. 129 at 1

U.S. v. Eklund
3:18-CR-35-01-SLG

Page **3** of **8**
Case 3:18-cr-00035-SLG   Document 588   Filed 09/03/21   Page 3 of 8

abandoned his infant son.[7] The Count 1 Victim, C.E., was a supervisory Assistant Attorney General for the State. C.E. reassigned the CINA matter to herself because the Defendant had already begun intimidating the originally assigned attorney. Over the course of the CINA proceeding, the Defendant sent hundreds of phone calls, voicemails, and emails to C.E. in an unmistakable effort to intimidate her future conduct in the case, and retaliate against her for the work she had already done.[8] The Defendant threatened to commit a "public suicide" in C.E.'s office if the State failed to accede to his demands.[9] The Defendant deliberated used dehumanizing language, sexually suggestive tones, menacing laughter, to instill terror. The Defendant carefully avoided explicit threats, but, nevertheless conveyed threats of violence by telling C.E. that her "days are numbered" and "ordering" her to "depart" "earth."[10] The Defendant succeeded in terrorizing C.E. and her family. C.E. and her husband endured nearly three years of harassment and intimidation by the Defendant. The prepared self-defense weapons within their home. C.E.'s emotional testimony illustrated the immense psychological toll that the Defendant's terror inflicted on C.E. and her family.

Count 2: Cyberstalking victim N.S.

Because the CINA proceeding involved a native child, the Native Village of Kotzebue ("NVK") became involved pursuant to the Indian Child Welfare Act ("ICWA").

---

[7] PSR at para. 6
[8] PSR at paragraphs 7-8
[9] PSR at 9
[10] PSR at 10

U.S. v. Eklund
3:18-CR-35-01-SLG

Just as occurred in the Attorney's General's Office, the leadership of the NVK shielded junior staff members from the Defendant's onslaught by taking personal responsibility for the ICWA case.[11] N.S. was the president of the NVK, and, therefore, the Defendant directed his stalking at her and her family. The Defendant called N.S. 192 times, faxed her in flagrant violation of a protective order, and, most troubling for N.S., directly involved her children on Facebook and, also, by aggressively approaching her on the street with her children present.[12] Just like C.E. and her husband, N.S. and her husband feared that the Defendant would assault them within their home and, therefore, made self-defense plans.[13]

### Offender's Characteristics

The Defendant has the most severe criminal history category (*i.e.* VI[14]) and he exhibits a troubling pattern of violence,[15] violating court orders,[16] and rejecting probation supervision or actively resisting law enforcement.[17] The Defendant committed the current offenses while under a criminal justice sentence.[18]

The Defendant rejects responsibility for his crimes. Even now, shortly before

---

[11] PSR para. 12
[12] PSR para. 13-14
[13] PSR para. 16
[14] PSR para. 68
[15] PSR paragraphs 46, 50, 54, 56, 58, 66, and 67.
[16] PSR paragraphs 50, 63, and 65.
[17] PSR paragraphs 47, 48, 49, 50, 51, 52. 59, and 67.
[18] PSR para. 67

U.S. v. Eklund
3:18-CR-35-01-SLG

imposition of sentence, the Defendant describes himself as a "political prisoner"[19] and "bona fide Article III court of record,"[20] among other exotic titles.

The Defendant's antisocial campaign against courts and legal officers has extended far beyond C.E., N.S., and their families. For example, the Defendant's anger and outbursts were so disruptive that the sole superior court judge[21] in Kotzebue increased security within courtrooms and personally recused himself from cases involving the Defendant out of concern for his own safety.[22]

### 2. (a)(2): Needs of the sentence

Given the Defendant's criminal history and lack of remorse, the most important sentencing factor is protecting the victims from further crimes of the Defendant and provide just punishment. The Defendant has amply demonstrated that he will not voluntarily conform his behavior to the law; therefore, incarceration is the only mechanism available to the Court to protect the victims and the public.

### 3. (a)(3): Kinds of sentences available

The applicable guideline range is in Zone D of the Sentencing Table; therefore, the defendant is ineligible for probation.[23]

### 4. (a)(4) and (5): Guideline range and policy statements

---

[19] See Dkt. 587 at 1
[20] Dkt. 587-11 at 7
[21] *See* http://www.courts.alaska.gov/judges/index.htm#kotzebue (accessed 9/3/2021)
[22] PSR para. 42
[23] PSR at para. 137

U.S. v. Eklund
3:18-CR-35-01-SLG

The Government's proposed sentence is the applicable guideline sentence.

### 5. (a)(6): Need to avoid unwarranted disparity

The PSR identifies U*nited States v. Norris* as a similar case.[24] Norris' underlying convictions were different than the Defendant's, and his guideline sentencing range was lower, in large part because Norris pled guilty, thereby reducing his guideline range. The Court imposed an above-guideline sentence of 108 months. The Government respectfully submits that the Court should not impose a below-guideline sentence in this case merely to match the sentence imposed in *Norris* because of the considerable substantive differences in the two cases.

### 6. (a)(7): Need for Restitution

The victims have advised the Government that there is no restitution currently requested.

## IV.  CONCLUSION

The United States respectfully proposes the Court impose the sentence described above.

RESPECTFULLY SUBMITTED September 3, 2021, in Anchorage, Alaska.

E. BRYAN WILSON
Acting United States Attorney

s/ *Jonas M. Walker*
JONAS M. WALKER
Assistant U.S. Attorney
United States of America

---

[24] PSR at Dkt. 578 at page 3, para. 9
U.S. v. Eklund
3:18-CR-35-01-SLG

**CERTIFICATE OF SERVICE**

I hereby certify that on September 3, 2021, a true and correct copy of the foregoing was served electronically on the following:

Lance C. Wells

Further, on the same date, undersigned will cause a copy of this document to be mailed to:

Louis Holger Eklund #396774
Anchorage Correctional Complex West
1300 East 4th Ave
Anchorage, AK 99501

s/ Jonas M. Walker
Office of the U.S. Attorney

U.S. v. Eklund
3:18-CR-35-01-SLG