# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 Plaintiff,<br><br>     v.<br><br>LOUIS HOLGER EKLUND,<br><br>                 Defendant. | Case No. 3:18-cr-00035-SLG |

## ORDER REGARDING MOTION TO RECONSIDER

Before the Court at Docket 610 is *pro se* defendant Louis Holger Eklund's Motion to Reconsider Order at Dkt. 607. No response from the government is necessary.

At Docket 607 is the Court's order denying Mr. Holger's motion for the Court to consider his petition for certiorari at sentencing and for recusal of the undersigned judge from this case pursuant to 28 U.S.C. § 455. Because the motion did not comply with the Court's previous orders[1] regulating what types of materials Mr. Holger can file into this case, the Clerk of Court struck the motion from the record.[2] The instant motion seeks reconsideration of Mr. Holger's "motion

---

[1] Due to Mr. Holger's numerous irrelevant filings into this case, the Court issued an order regulating permissible filings in order to retain control over the docket. *See* Docket 287. The order gave Mr. Holger notice that non-compliant filings would be stricken from the docket and advised Mr. Holger to consult with his standby counsel. The Court has stricken approximately 45 filings by Mr. Holger for failure to comply with the order.

[2] Docket 607 at 2.

& to unstrike it & again make it available for public review . . . ."[3] Because Mr. Holger has not shown a "manifest error of the law or fact," "discovery of new material facts not previously available," or an "intervening change in the law" needed to justify reconsideration,[4] the Court will not reconsider the order at Docket 427. As the Court previously determined, the petition for certiorari does not contain any information relevant to Mr. Holger's sentencing, and nothing in 28 U.S.C. § 455 requires recusal.

The Court will also construe Mr. Holger's instant motion as a motion for seeking to disqualify the undersigned judge pursuant to 28 U.S.C. § 144.[5] Section §144 requires that a party seeking a judge's disqualification must file "a timely and sufficient affidavit" or shall show good cause for a late filing. Mr. Holger's motion is based on the fact that he filed a lawsuit naming the undersigned judge as a defendant in February 2018.[6] The district court dismissed that case as without merit, and the Ninth Circuit dismissed the subsequent appeal as frivolous.[7]

---

[3] Docket 610 at 6.

[4] D. Ak. L. Crim. R. 47.1(g)(1).

[5] *See* Docket 610 at 2 ("It has come to my attention that I had made a clerical error & cited the wrong subsection (in citing 28 U.S.C. § 455). The proper citing of the statute that pertains to bias or prejudice of judge is at 28 U.S.C. § 144 . . . .").

[6] Docket 610 at 4; *see also Wesley v. State of Alaska, Inc. et al.*, case number 3:18-cv-0007-RRB.

[7] Case number 3:18-cv-00079-RRB at Docket 8 (district court order), Docket 14 (Ninth Circuit order).

Case No. 3:18-cr-00035-SLG, *United States v. Eklund*
Order Re Motion to Reconsider
Page 2 of 3
Case 3:18-cr-00035-SLG  Document 611  Filed 10/29/21  Page 2 of 3

The Court finds that the § 144 motion is untimely. Mr. Holger waited to file the motion until more than two and a half years after this case was assigned to the undersigned judge.[8] Moreover, this case has already proceeded through a six-day jury trial. Mr. Holger waited until six months after trial and five weeks before sentencing to file the § 144 motion; accordingly, the motion is untimely.[9] The Court also finds that there is no good cause for the untimeliness of the motion because Mr. Holger was aware of his own civil case for nearly a year before this case was reassigned to the undersigned judge and has been aware of the exact issue he now complains about for more than two and half years.

In light of the foregoing, IT IS ORDERED that the motion at Docket 610 is DENIED.

DATED this 29th day of October, 2021, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[8] *See* Docket 54 (reassigning case on January 3, 2019).

[9] *See United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) (A § 144 "motion for recusal filed weeks after the conclusion of a trial is presumptively untimely absent a showing of good cause for its tardiness."); *United States v. Hurd*, 549 F.2d 118 (9th Cir. 1977) (§ 144 motion filed on fifth day of trial was untimely).

Case No. 3:18-cr-00035-SLG, *United States v. Eklund*
Order Re Motion to Reconsider
Page 3 of 3
Case 3:18-cr-00035-SLG  Document 611  Filed 10/29/21  Page 3 of 3