IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br>  v.<br><br>LOUIS HOLGER EKLUND,<br><br>        Defendant. | Case No. 3:18-cr-00035-SLG |

## ORDER RE MOTION FOR COMPASSIONATE RELEASE

Before the Court at Docket 674 is Defendant Louis Holger Eklund's Motion for Compassionate Release. Mr. Eklund[1] then submitted an Amended Motion for Compassionate Release at Docket 681. The Government filed a response in opposition at Docket 682. The U.S. Probation Office for the District of Alaska filed a sealed Compassionate Release Investigation Report at Docket 686, in which it recommended that the motion be denied.

On November 12, 2021, this Court sentenced Mr. Eklund to 84 months of incarceration after he was found guilty on two counts of Cyberstalking.[2] Mr. Eklund is currently in Bureau of Prisons (BOP) custody and incarcerated at FCI Pekin; his projected release date is April 23, 2024.[3] Mr. Eklund seeks an order reducing his

---

[1] The Court recognizes Mr. Eklund's preference to use his first and middle names, but for consistency in the Court's proceedings and rulings, the Court will continue to refer to him as Mr. Eklund. *See* Docket 681 at 2 n.1.

[2] Docket 618 (Judgment).

[3] Fed. Bureau of Prisons, Inmate Locator (available at www.bop.gov/inmateloc/) (last accessed

sentence to time served.[4] For the reasons below, the Court denies Mr. Eklund's motion.

## I. Applicable law

The First Step Act of 2018, enacted on December 21, 2018, amended 18 U.S.C. § 3582(c)(1)(A) to allow federal inmates to move the district court for a sentence reduction after exhausting their administrative rights.[5] If an inmate has exhausted his administrative rights, a district court must consider the motion on the merits. On the merits, in order to reduce a sentence, a court must find that "extraordinary and compelling reasons warrant" a sentence reduction *and* that the applicable factors set forth in 18 U.S.C. § 3553(a) support a sentence reduction.[6] Although a district court must make both findings "before it *grants* compassionate release, a district court that properly *denies* compassionate release need not evaluate each step."[7]

Following a November 1, 2023, amendment to the Sentencing Commission's policy statement at U.S.S.G. § 1B1.13, "Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)," that policy statement now applies to both BOP-filed and

---

February 12, 2024).

[4] Docket 681 at 10.

[5] First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). Prior to this amendment, only the Director of the Bureau of Prisons could bring a motion to reduce an inmate's sentence.

[6] 18 U.S.C. § 3582(c).

[7] *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (emphasis in original) (disagreeing with the defendant that a district court must make an explicit "extraordinary and compelling" finding before denying a motion based on the § 3553(a) factors).

Case No. 3:18-cr-00035-SLG, *USA v. Eklund*
Order re Motion for Compassionate Release
Page 2 of 7
Case 3:18-cr-00035-SLG   Document 694   Filed 02/14/24   Page 2 of 7

defendant-filed compassionate release motions.[8] "Congress has only placed two limitations directly on extraordinary and compelling reasons: the requirement that district courts are bound by the Sentencing Commission's policy statement and the requirement that 'rehabilitation alone' is not extraordinary and compelling."[9] The Court is thus bound by the policy statement when considering any compassionate release motion.[10]

## II. Exhaustion of administrative rights

An inmate has exhausted his administrative rights if the warden of the inmate's facility has denied the inmate's request for compassionate release or if 30 days have lapsed from the warden's receipt of the request for compassionate release.[11] Mr. Eklund submitted a request for compassionate release to the warden which was

---

[8] *See* U.S. Sent'g Guidelines Manual § 1B1.13(a) (U.S. Sent'g Comm'n 2023) ("Upon motion of the Director of the Bureau of Prisons *or the defendant* pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment . . . .") (emphasis added); *id.* supplement to app. C, amend. 814 (U.S. Sent'g Comm'n 2023) (changing § 1B1.13(a) language to include defendant-filed motions and noting that this November 1, 2023, amendment made the policy statement applicable to defendant-filed motions).

[9] *United States v. Roper*, 72 F.4th 1097, 1100 (9th Cir. 2023) (alteration omitted) (quoting *United States v. Chen*, 48 F.4th 1092, 1098 (9th Cir. 2022)).

[10] This is in contrast to previous Ninth Circuit case law, which held that while the policy statement at U.S.S.G. § 1B1.13 "may inform a district court's discretion," it was not binding on a district court considering a defendant-filed compassionate release motion. This was because the § 1B1.13 policy statement at that time applied only to BOP-filed compassionate release motions. *United States v. Aruda*, 993 F.3d 797, 801-02 (9th Cir. 2021); *see also Chen*, 48 F.4th at 1095 (noting that, in *Aruda*, the Ninth Circuit "determined that the Sentencing Commission's [then] current policy statement, which [was] applicable to motions filed by the BOP Director, [did] not also apply to defendant-filed motions for compassionate release, and thus, there [was] no applicable policy statement binding the district court's consideration of extraordinary and compelling reasons" in a case where the defendant filed a compassionate release motion).

[11] 18 U.S.C. § 3582(c)(1)(A).

Case No. 3:18-cr-00035-SLG, *USA v. Eklund*
Order re Motion for Compassionate Release
Page 3 of 7
Case 3:18-cr-00035-SLG   Document 694   Filed 02/14/24   Page 3 of 7

received on September 6, 2023.[12] It appears that the warden did not respond to the request.[13] The government does not dispute that Mr. Eklund has exhausted his administrative rights.[14] Therefore, the Court will consider the motion on its merits.

## III. Extraordinary and compelling reasons

Mr. Eklund, who is currently 44 years old, submits that extraordinary and compelling grounds exist for a reduction in sentence because his confinement conditions have been particularly punitive and harsh, and his rehabilitation and re-entry would be promoted if he were released to a Residential Reentry Center.[15] Mr. Eklund explains that "he was subject to nearly perpetual lockdown" during the COVID-19 pandemic, held in quarantine when he was transferred to Nevada and Missouri, isolated with no access to the outdoors at another facility, and locked in a cell for two weeks at one other prison.[16] He asserts that he "endured medical shortages, staff shortages, food shortages, & [a] general inability to manage the number of prisoners in the BOP care."[17] In addition, Mr. Eklund maintains that he "has shown great interest in making efforts toward rehabilitation" by working with a

---

[12] Docket 182-1.

[13] Mr. Eklund's amended motion for compassionate release was filed on December 13, 2023—more than 30 days after the warden received the request. Docket 681.

[14] *See generally* Docket 682.

[15] Docket 681 at 4-9.

[16] Docket 681 at 4-5.

[17] Docket 681 at 6.

Case No. 3:18-cr-00035-SLG, *USA v. Eklund*
Order re Motion for Compassionate Release
Page 4 of 7
Case 3:18-cr-00035-SLG   Document 694   Filed 02/14/24   Page 4 of 7

mental health provider and participating in educational programs.[18] Mr. Eklund contends that, if released from BOP custody now and ordered to enter a residential reentry program or home confinement, he would be better placed to achieve his rehabilitative goals and receive counseling, job training, and skill development, among other things.[19]

In response, the Government asserts that Mr. Eklund's unsworn statements "are not credible evidence regarding his conditions of confinement," and that even if true, the conditions "are not so severe as to warrant a reduction in sentence."[20] The Government further contends that even if more social services would be available outside of BOP custody, Mr. Eklund cites no authority for why that constitutes an extraordinary or compelling reason for a reduction in sentence. Finally, the Government points out that Mr. Eklund has had multiple disciplinary infractions while incarcerated, and that "his refusal to return to general population belies his complaints regarding pandemic-related lockdowns."[21]

In the Compassionate Release Investigation Report, the Probation Officer noted that Mr. Eklund was not currently eligible for placement in a residential reentry

---

[18] Docket 681 at 7.

[19] Docket 681 at 8-9.

[20] Docket 682 at 6.

[21] Docket 682 at 7.

Case No. 3:18-cr-00035-SLG, *USA v. Eklund*
Order re Motion for Compassionate Release
Page 5 of 7
Case 3:18-cr-00035-SLG   Document 694   Filed 02/14/24   Page 5 of 7

program due to an outstanding warrant from Washington.[22] However, Mr. Eklund then filed a notice that the outstanding warrant had recently been quashed.[23]

The Court finds that Mr. Eklund has not established extraordinary and compelling reasons that would justify a reduction in sentence. Mr. Eklund's conditions of confinement—though more severe than normal—and his potential for better rehabilitation outside of incarceration in his remaining two months in custody do not warrant a reduction in sentence. Moreover, it is the Court's understanding that Mr. Eklund may now be eligible for placement in a residential reentry program by BOP given that a prior warrant for his arrest—which made him ineligible for the program—has been quashed.[24] However, his placement in such a program is determined by the BOP, not by this Court, so long as he is in BOP custody.

## IV. Section 3553(a) factors

Because Mr. Eklund has not made a threshold showing of extraordinary and compelling reasons for a reduction in sentence, the Court need not determine whether the § 3553(a) factors weigh in his favor.[25]

---

[22] Docket 686 at 3 (sealed) (noting that the warrant was from Washington Case No. 01-1-00693-6, for felony Escape in the First Degree).

[23] Docket 687.

[24] *See* Docket 686 at 3 (sealed); Docket 687; Docket 687-1.

[25] "Although a district court must perform [the § 3582(c)(1)(A)] sequential inquiry before it *grants* compassionate release, a district court that properly *denies* compassionate release need not evaluate each step." *Keller*, 2 F.4th at 1284 (emphases in original) (disagreeing with the defendant that a district court must make an explicit "extraordinary and compelling" finding before denying a motion based on the § 3553(a) factors).

Case No. 3:18-cr-00035-SLG, *USA v. Eklund*
Order re Motion for Compassionate Release
Page 6 of 7
Case 3:18-cr-00035-SLG   Document 694   Filed 02/14/24   Page 6 of 7

**CONCLUSION**

In light of the foregoing, IT IS ORDERED that Defendant's Motion for Compassionate Release at Docket 674 and Defendant's Amended Motion for Compassionate Release at Docket 681 are each DENIED.

DATED this 14th day of February, 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:18-cr-00035-SLG, *USA v. Eklund*
Order re Motion for Compassionate Release
Page 7 of 7
Case 3:18-cr-00035-SLG   Document 694   Filed 02/14/24   Page 7 of 7